The judgment will therefore be reversed, and the case sent back.

*Judgment reversed and procedendo awarded.*

---

## JULIA A. KENNERLY, EXC'X of CALEB KENNERLY, *vs.* JAMES WILSON.

In an action of trespass by an executrix to recover damages done to the real estate of the testator in his lifetime, there was a general demurrer and judgment for the defendant, from which the plaintiff appealed. This court affirmed the judgment, upon the ground, that the declaration did not aver damage to the executrix, but being of opinion, that the plaintiff could maintain the action, they awarded a *procedendo.*

The Court of Appeals have the power, under the act of 1826, ch. 200, sec. 10, to order a *procedendo* in case of the *affirmance* of a judgment upon demurrer where the merits of the case, as disclosed by the record, render it proper that such writ should issue.

The manifest design and meaning of the act of 1826, ch. 200, sec. 10, was to extend the power of the appellate court to grant a *procedendo* in every case which had merits disclosed by the record but which could not be elicited as the case was then presented.

The act of 1790, ch. 42, restricted the exercise of this power to cases where judgments were reversed upon bills of exception, and the design of the act of 1826, was to remove all restrictions upon the full exercise of this power by the court.

The act of 1830, ch. 186, which authorises the court to grant a *procedendo* where a judgment is affirmed upon exceptions, is, in effect, but a re-enactment, in part of the act of 1826, ch. 200.

The cases of *Watchman vs. Crook,* 5 G. & J., 239, and *Kilgour vs. Miles,* 6 G. & J., 268, in which the court refused a similar application for a *procedendo,* are not like the present case, for in each of those the court decided that the plaintiff could not recover upon the allegations set out in the declaration.

APPEAL from Somerset county court.

This was an action of trespass, *quare clausum fregit,*

Kennerly's Exc'x, *vs.* Wilson.

brought by the appellant as executrix of Caleb Kennerly, deceased, to recover damages for injuries to the real estate of the testator, committed in his lifetime. The declaration concluded by alleging damages to the testator in his lifetime, but omitted to allege *damage to the executrix.* The defendant filed a general demurrer, which the court below sustained, and gave judgment for the defendant, from which judgment the plaintiff appealed. This court sustained the right of the executrix to recover, but affirmed the judgment, on the ground that the declaration did not aver damage to the executrix. The report of this case thus far will be found in 1 *Md. Rep.,* 102.

The appellant then moved for a *procedendo,* which motion was argued at this term before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Crisfield* for the appellant, contended, that this was a proper case for a *procedendo.*

The error, though available on general demurrer, is in the formal part of the declaration, not in the statement of the cause of action. All the averments necessary to show the defendant a trespasser, and the right of the plaintiff to maintain the action for those trespasses are fully set out, and, by the pleadings, admitted; and the omission is a failure to allege that she is damaged thereby, a fact which is implied from the facts which are expressly charged. The error, therefore, is merely technical, and does not affect the substantial merits of the case. It is an error which courts never fail to allow to be removed by amendment. The grounds of the amendment, and all the facts on which it is to be made, *are in the record.* No new fact is to be introduced, and no suggestion of other facts not found, or necessarily implied in the record is required to enable the court to see the necessity and justice of the application. The case, therefore, is one strongly addressing itself to the equity of the court. This court has the power to award the writ of *procedendo,* whenever, in its judgment, the justice of the cause requires it. By the act of *1826, ch.*

200, sec. 10, "The Court of Appeals shall, upon," &c., "give judgment, or award a writ of *procedendo* for rehearing of the case *as shall appear just.*" Whenever the substantial merits of the cause are not determined, the court may and ought to award the writ.

The argument on the other side is, that this court can look only to the "*case*" made by the pleadings, technically considered, and that it cannot grant the writ where the justice of the "case," so considered, does not require it. This is rather hypercritical. The phrase in the act, "rehearing of the case," manifestly means the cause of action, and comprehends all the facts which the court can see constitute that cause of action. It is to be construed liberally, and must not be narrowed down to those facts only which are alleged with technical certainty, and omit all not alleged with that nicety required by the rules of special pleading. The error in this case is not in stating the cause of action, for that is correctly stated and the injury shown, but the formal averment of damage to the plaintiff is omitted, though the damage, as a matter of fact, necessarily results from the injury charged. If the doctrine contended for on the other side were true, then a *procedendo* would be awarded in no case, in order that the pleadings might be amended, no matter how just it might be:— this, we know, not to be the law. In *Martin vs. Garrett,* 7 *H. & J.,* 275, the judgment was reversed, and a *procedendo* awarded, that the county court *might award a repleader,* and substantial justice be done between the parties. In *Anderson vs. Critcher,* 11 *G. & J.,* 455, the defendant below demurred, and there was judgment on demurrer for the plaintiff; the Court of Appeals reversed the judgement and awarded a *procedendo.* This could only have been done to allow an amendment, for otherwise the judgment of reversal would have been absolute without *procedendo.* And if the writ may be awarded in cases of *reversal,* to effect the substantial justice of the cause, why may it not be awarded to effect the same purpose in cases *affirmed?* In principle, the cases cannot be distinguished. *Martin vs. Garrett* and *Anderson vs. Critcher,* are

practical constructions of the laws regulating the issuing of writs of *procedendo*, and establish the proposition, that this court will award the writ, even in cases decided on demurrer, for the purpose of a repleader as well as for other cause, whenever the substantial justice of the case requires it. They go even further, and establish the proposition, that wherever the court can perceive from the record, that the plaintiff has a good cause of action on which he might recover, if properly presented, it will award the writ in order that such proceedings may be had as are necessary to bring that cause of action to trial on its merits; and this, it will be found, is the principle running through and sustained by all our adjudications on the subject.

If no case can be found where it has been awarded, in cases where the judgment below, on general demurrer, has been affirmed by this court, it only shows that no case has yet been presented to this court where the justice of the case required it, and does not establish the rule insisted on by the other side, that it will not, in such cases, be awarded at all, whatever the merits. It is respectfully submitted, that such a rule would practically be a repeal of the act of Assembly referred to. The counsel for the appellee has referred to the cases of *Watchman and Bratt, vs. Crook*, 5 G. & J., 239, and *Kilgour vs. Miles*, 6 G. & J., 268, but, on examination, they will be found not to sustain the principles contended for by him. Following the *dictum* of Mr. Evans, to be found at page 445 of his work on practice, the counsel for the appellee broadly affirms, that in these cases it was *expressly held*, "that where the court below decides a cause upon general demurrer against a plaintiff for a defective declaration, and their judgment upon appeal is affirmed, this court will not award a *procedendo*." Now it so happens, that in neither of these cases was any opinion delivered by the court in deciding the motion for a *procedendo*, and no reason whatever was assigned for refusing it, nothing therefore was "*expressly held*," except that there should be no *procedendo* in those cases; and if we look into the cases themselves, we find

abundant reason why it ought not to have been awarded, aside from the principle contended for by the other side.

In *Kilgour vs. Miles*, the argument of counsel making the motion is not reported, and no reasons in support of it are assigned; but looking at the facts of the case, and the opinion of the court in deciding the appeal, it is presumed that the motion for a *procedendo* was made with the view of amending the declaration, so as·to charge a readiness to receive and pay for the corn on Saturday, which the court held to be the legal effect of the contract. The contract specified that the corn should be delivered and paid for on the *first of July*—the 1st of July fell on Sunday—and the declaration averred a readiness to receive and pay for the corn on *that day*, and the failure of the defendant to deliver on *that day*, the plea was, that the defendant had the corn ready to be delivered on that day, but the same being Sunday he could not deliver, and there was a general demurrer to the plea. The Court of Appeals held, that a failure to deliver on Sunday was not a breach of the contract, but the failure should have been alleged to have been made on the Saturday previous, and the first error being found in the declaration, they affirmed the judgment in the court below in favor of the defendant. Then came the motion for a *procedendo*, for the purpose, it is presumed, already suggested. Now what was the court required to do? Why to assume, on the mere suggestion of counsel, that the plaintiff was ready to receive and pay for the corn on Saturday, without any proof whatever; and not only without proof, but in the face of the averment, wholly inconsistent therewith, that he was ready to receive and pay for it on another and different day. The court were required to travel out of the record, and assume to be true a fact essential to the merits of the cause, and going to the very *gist* of the action, of which there was not a particle of evidence. They very properly overruled the motion, the merits of the case did not require that a *procedendo* should be awarded. It was not a mere error of pleading, an omission to make a formal averment of damage to the plaintiff, which the court could see

from the record was true, but it was an error of substance, an omission to set out a substantial portion of the cause of action, without which it did not appear that the defendant had committed any breach of his contract. This case does not sustain or even favor the broad proposition contended for on the other side, and I find nothing in it which militates against the present application.

Nor will the case of *Watchman and Bratt, vs. Crook,* be found on examination to go further to sustain the views of the other side; on the contrary, the principles laid down by the counsel in that case against the motion, may be safely relied on to sustain the motion in this case. In *Watchman and Bratt, vs. Crook,* as in *Kilgour vs. Miles,* the court, in refusing the motion, delivered no opinion; but from the arguments of counsel, for and against the motion, which are fully reported, and the facts of the case, as disclosed by the record, we have a very clear view of the principles on which the court must have rendered its decision. The action was covenant, brought on a sealed instrument, to recover three instalments of the price of a steam-engine. The contract was for the building and putting in operation of a steam-engine, according to certain provisions stated, within *ninety days,* and to be paid for by the defendant, in six, nine and twelve months *after it was completed,* according to the contract. The engine was not finished within the time agreed on, and the declaration averred no sufficient excuse for not having completed it within the time. To the first and second counts the defendant demurred generally; to the third and fourth counts he pleaded, the plaintiff rejoined, and defendant demurred generally to the rejoinder. The whole case was tried and determined on general demurrer. The court below sustained the demurrers, and gave judgment for the defendant, and the Court of Appeals affirmed the judgment, being of opinion, that the completion of the engine within the time, and according to the terms specified in the contract, was a condition precedent to the payment of the three instalments, (the sums sued for,) and the excuse assigned for not completing the engine within

the ninety days, was not a sufficient excuse. The motion for the *procedendo* was based on the following suggestion of the counsel making it, that "if the cause is transmitted to the county court, with leave to amend the pleadings, the plaintiffs could put it in a condition to recover. They could aver an excuse, in proper and technical form, for a non-delivery of the engine, in full and effective operation, at Crook's factory, within ninety days. It could be averred, that after the execution of the contract, and before the expiration of the ninety days, the plaintiffs gave the defendants notice, at their factory, that they, the plaintiffs, were ready, prepared and willing to put up the said engine, and put the same in operation, and that they requested the defendants to furnish the brick and stone work a sufficient period before the expiration of the ninety days, to have enabled the plaintiffs to put up and put the said engine into operation at the factory within the said ninety days, but that the defendant did not, and would not, furnish the brick and stone work in season." These facts, if they existed at all, came to the knowledge of the court only by the suggestion of the counsel making the motion. They are to be found in no part of the record and wholly unsustained by proof, and the counsel himself did not even affirm his belief that they were true. The court then were asked to enter the field of speculation and award the writ, in order that the plaintiffs might start on a new exploration, and the defendant be harrassed by new litigations, which, for aught that was known to the court, would be as fruitless and unavailing as the former. The argument of Mr. Johnson against the motion is conclusive, and leaves no doubt, that in that case it would have been unjust and improper to have awarded the writ. The court is invited to a careful consideration of that argument. It will be found at pages 267 and 268 of 5*th G. & J.*

Mr. Johnson argues, that the writ should not be awarded in that case, because, says he, "this, it will be observed, is not a case in which, *from the record,* the court can see that the appellants have a better case than is technically presented,

and which is lost to them from want of mere technical form; but, on the contrary, one in which, as far as the court have or can have any judicial knowledge, the appellants are neither legally nor equitably entitled to recover." It might perhaps be doubted, whether the court, in awarding the writ, are confined to the record for the causes influencing their judgment, and may not, in some cases, look beyond it; but however that may be, it is sufficient for my purpose to assume as law this proposition, which is certainly stated as strongly against my case as can truly be done. And if this be the law, it follows inevitably that the converse of the proposition is also law. The other side, it is believed, will hardly deny,—indeed, by citing and relying on this case, he virtually admits,— that "in a case in which, from the record, the court can see that the appellants has a better case than is technically presented, and which is lost to her for want of mere technical form," the writ ought to be awarded. It is respectfully submitted, that *this* is that very case. Here it does appear from the record, that the appellant has a better case than that which is technically presented, and which is lost to her for want of mere technical form. Looking to the record we find, that the defendant was attached to answer *unto the plaintiff as executrix, &c.*, wherefore, &c., he broke and entered, &c., the close of her testator; the title and possession of the testator, his death, the commission of the trespasses by the defendant in the testator's lifetime, and the damage to him, all appear with the requisite certainty, and this court have determined, that the cause of action thus stated survived to her, and they have added in these emphatic words: "we are clear in our opinion, that *the present action can be maintained.*" Here then is alleged every fact showing the commission of the wrong, and the right to maintain an action for the remedy. No fact is omitted, which is essential to show the injury and the right to sue for compensation. The only objection is, that the plaintiff does not allege that *she* has sustained any damage. The allegation of damage to the plaintiff forms no part of the cause of action, any more than the setting forth of the venue

does.   The trespass—the illegal invasion of the right—is the
cause of action, and the damages are merely the measure of
or compensation for the injury.   Although necessary to be
averred to support the verdict and judgment, yet without be-
ing averred, they are necessarily implied as a consequence of
every tort committed.

From the statement of the injury, it results as a matter of
fact that damages have been sustained.   How can a testatrix
complain against a defendant for an injury committed on the
property of the testator in his lifetime, and bring that defend-
ant into court, to answer to *her* for that injury, without, in
effect, affirming that she is injured?   How can she ask for
redress without conveying the idea of injury?   The *fact* of
injury to *her* results from the statement in the declaration; it
is an idea inseparable from the charge as made.   Now this
fact, the existence of which is proved by every line of the
declaration, is not set forth with that precision required by
the rules of special pleading, and hence the demurrer was
sustained.   Here then is a case where the court can see that
the plaintiff has a better case than is technically presented,
and which is lost to her for want of technical form; and if
the principle advanced in *Watchman and Bratt, vs. Crook*, as
the reason why the writ should not issue in that case, be law,
it is submitted that it is conclusive here, and will authorise
and require the court to award a *procedendo* in this case.

The declaration need not notice any matter which is matter
of defence, or which may more appropriately come from the
other side, which the argument of the appellee's counsel seems
to suppose.   Nor can this court presume, that the court below
would refuse to allow the amendment.   The right to allow
amendments is in the discretion of the court, it is true, but it
is not a capricious and arbitrary discretion, with no rule to
control it but the will of the judge; it is a sound legal discre-
tion, governed by established rules, which can no more be
departed from than any other rules for the administration of
justice can be, and according to those rules the amendment
would be allowed in this case.

By awarding the writ in this case, the appellee is not at all prejudiced. No fact not already averred, or which is not necessarily implied from those expressly charged, is sought to be introduced. The case as to the defendant will be the same. The only consequence to him will be, that he will be compelled to defend himself on the merits, instead of on a mere technicality. On the other hand, the appellant will be irreparably injured if the writ be refused. The statute of limitations will bar a new suit, and the refusal of a *procedendo* will practically be a defeat of justice.

The act of 1830, ch. 186, speaks of appeals taken upon bills of exceptions, and may not embrace appeals on judgments on demurrer. It is however submitted to the court, whether it applies to the class of cases under consideration, and the court is referred to the case of *Parker vs. Sedwick,* 4 *Gill,* 318, in which a *procedendo* was awarded under that act.

*Jones* for the appellee, argued against the motion.

The acts of Assembly which authorise the Court of Appeals to remand a record with a writ of *procedendo* are 1790, ch. 42, 1836, ch. 200, and 1830, ch. 186.

The act of 1790, ch. 42, refers exclusively to cases of reversals of judgments.

. The act of 1826, ch. 200, sec. 10, enacts, that the Court of Appeals shall, *upon the transcript transmitted* on any appeal or writ of error, and the proceedings thereon, give judgment or award a writ of *procedendo for a rehearing of the case,* as shall appear to be just.

In deciding on an appeal the court are not at liberty to travel out of the record, or notice any *fact* not therein stated. *Mahoney vs. Ashton,* 4 *H. & McH.,* 295. *Allegre vs. Maryland Ins. Co.,* 6 *H. & J.,* 415. The same rule must apply to a motion for a *procedendo.* The effect of a general demurrer to a plaintiff's declaration is to admit all the facts therein averred to be true, and yet to deny that they are sufficient in law to sustain the action. In the case now before the court, the defendant, appellee, denied the sufficiency of the facts al-

leged, though true, to charge him in the action. The court below sustained the defendant's demurrer, and the Court of Appeals have affirmed the judgment. This court has, in effect, said, "upon the transcript of the record transmitted the plaintiff below, now appellant, has not stated *a case* which entitles her to maintain the action against the defendant, and there is no error in the judgment of the court below." How then can it appear to the court to be *"just"* to "award a writ of *procedendo* for *a rehearing of the case." The case* in the declaration is the only *case* known to the court. The facts averred constitute *" the case. Ex facto oritur jus.* The court have said, those facts do not make *a case in law.* What then is to be "reheard" Certainly not *"the case,"* "upon the transcript transmitted," and the court are not at liberty to travel out of the record, or notice any fact not therein stated.

In this case the court have decided, that an action of trespass, q. c. f., may be maintained by the personal representative of a deceased person, for a trespass upon the real estate of said deceased in his lifetime, *the damages being unpaid at the time of the death,* and *being withheld from such personal representative,* "the withholding of the damages by the party complained of," "occasions an injury to such personal representative," authorising him to aver damages to himself in his representative capacity as a substantive fact, without which his declaration is fatally defective on general demurrer. The motion for a *procedendo,* then, is not *"for a rehearing of the case"* in the plaintiff's declaration, but to enable the plaintiff to make application to the court below, for leave to amend his declaration, which may or may not be granted in the discretion of the court below, and which, if granted, and the amendment made, would constitute a new and different case. Looking at the record before the court, the court cannot know that the plaintiff's testator had any cause of action against the defendant at the time of his death. If the testator had ever sustained damage, it may have been paid and satisfied in his lifetime. The time of testator's death is not averred, and the testator's right of action may have been barred by

limitations at the time of his death; and if limitations would bar recovery, the court will not award a *procedendo*, even where they reverse the judgment. *State use of Johnson and wife, vs. Green,* 4 *G. & J.*, 381. The defect in the declaration is not merely formal and technical, but it is in matters of essential substance, and fatal on general demurrer. This court have no knowledge that the material omitted facts existed at the time of the institution of the suit, and ought to presume that they did not exist.

It is therefore submitted, that under the act of 1826, ch. 200, the appellant is not entitled to a *procedendo*, and it is believed, no case can be found of a *procedendo* under that act, where the judgment has been affirmed.

The act of 1830, ch. 186, is restricted in its terms to cases of appeals brought before the Court of Appeals by the plaintiff, *upon a bill or bills of exceptions.* and in such cases, when the judgment excepted to shall be affirmed, and it shall appear to the court, that the substantial merits of the case are not determined by the judgment, the Court of Appeals shall and may, in their discretion, return the transcript of record to the court which gave the judgment, with a writ of *procedendo* to the judges thereof, commanding them to proceed in such action, and *to new trial thereof*, in the same manner as if *no trial had taken place.* "In this cause the appellant moves the court to order the transcript of the record to be returned to the circuit court for Somerset county, with a writ of *procedendo* to the judge thereof, commanding him to proceed therein to *a new trial*, in the same manner as if *no trial* had taken place, nor any appeal prosecuted." "This motion then is evidently under the act of 1830, ch. 186, and it must be apparent at a glance, that the case now before the court is not embraced by that act. This is not a case upon a bill or bills of exceptions, which would be a case of *contested* facts, but the plaintiff, (appellant,) brings *this* case before the Court of Appeals upon the defendant's general demurrer, admitting all her facts to be true. The act of 1830, ch. 186, contemplates cases where there has been a *trial* in the court below,

and the *procedendo* is for " a new *trial.*" But there was no "*trial*" in the court below in this case. Trial is the examination of the matter of fact in issue, 3 *Bl. Com.*, 330, and in *general demurrer* there is no matter of fact in issue.

The foregoing views are fully sustained by the decision of the Court of Appeals in *Watchman and Bratt vs. Crook,* 5 *G. & J.,* 239, and *Kilgour, vs. Miles,* 6 *G. & J.,* 268, in both of which it is expressly held, that where the court below decides a cause upon general demurrer against a plaintiff for a defective declaration, and their judgment, upon appeal, is affirmed, this court will not award a *procedendo.*

The argument of the counsel for appellant appears to proceed upon the assumption, that "the error in the declaration is merely technical, and does not affect the substantial merits of the case," and that "all the averments necessary to show the defendant a trespasser, and the right of the plaintiff to maintain the action, are fully set out." It is submitted, that these assumptions are in direct conflict with the opinion and judgment of the court in this case. This court has decided, that the defect in the declaration is fatal on general demurrer, "which always refers to some defect in *substance.*" *Mansel on Demurrers,* 26 *Law Lib.,* 2. The defect is, that the declaration does not show that a cause of action existing at the time of the testator's death, being an unsatisfied demand for damages due to the testator in his lifetime, devolved, by the death, will and letters testamentary, on the plaintiff, which damages being unpaid and withheld from the plaintiff, gave her a right of action. The plaintiff must state every thing necessary to entitle him to recover before the defendant can be properly called on to make defence.

The word "case," in the act of 1826, ch. 200, must mean the cause of action *appearing in the record,* whether in the pleadings or in the proofs as contained in the bill of exceptions. On a bill of exceptions the court may see from the record, that facts not in the pleadings are in the case.

The cases in 7 *H. & J.,* 275, and 11 *G. & J.,* 455, were cases of *reversal* under the act of 1790, ch. 42. Where there

is a *reversal,* and any thing further in the cause *ought* to be done, the case must be sent back to the tribunal having authority to proceed, and some cases have been sent back more than once. In both the above cases the court could give no final judgment; they decided the law of the case and sent it back that the court below might apply it as expounded in the trial of the facts. In *Bohen vs. Headly,* 7 *H. & J.,* 272, and in other cases, the court, although they reversed, refused a *procedendo.* But a *procedendo* after affirmance was never known in our courts till since the act of 1830, ch. 186, which does not apply to this case.

The counsel for appellee insists, that a refusal of a *procedendo* in the cases in 5 *G. & J.,* 239, and 6 *G. & J.,* 268, justifies his statement of what the court "expressly held" not in an "opinion," but as the necessary conclusion from the refusal. He was not aware of the "*dictum*" of Mr. Evans, but followed the reporters and the authors of the *Maryland Digest,* (788,) in stating the law as they and he understood it to be "expressly held" by the Court of Appeals.

The counsel for the appellee submits, that the material fact of damage to the plaintiff, in the case before the court, is not implied, and does not result, as an inference of law, from the *facts* which are averred, but should appear in the record as an *express averment,* and not so appearing the court cannot notice it, or award a *procedendo* to afford a chance of its introduction.

The appellant's counsel maintains, that the "allegation of damage to the plaintiff forms no part of the cause of action, any more than the setting forth of the venue does." Suppose no venue had been averred as to the *locus in quo,* would it not have been fatal on general demurrer? The action of trespass, q. c. f., is emphatically a *local* action.

The appellee will be greatly "prejudiced" by a *procedendo* in this case. He will be subjected to renewed and harassing litigation about a matter, in reference to which two courts have already decided that the appellant has not exhibited a sufficient cause of action against him. To award a *pro-*

*cedendo* in such a case would be without precedent or author-
ity of law.

MASON, J., delivered the opinion of the court.

We have carefully examined the question involved in the
motion for a *procedendo* in this case, and have come to the
conclusion, that we not only possess the power to grant said
motion, but that the merits of the case, as disclosed by the
record, render it proper that we should do so.

It is true no case has been cited where the power has been
exercised by the late Court of Appeals in a case like the one
now before us, and even cases have been referred to where
similar applications have been refused by that court. But it
by no means follows from these two circumstances, that no
such power has been vested in this court. Certain it is, the
Court of Appeals have never any where said, that they did
not possess the power to grant a *procedendo* in a case like the
present, and in the absence of such a judicial inhibition we
are at liberty to treat this as an open question.

The act of Assembly under which we claim the power to
grant the present application, is that of 1826, chap. 200, sec.
10. Previous to that act the court was restricted in the ex-
ercise of this power by the act of 1790, chap. 42, to cases
where judgments were reversed upon bills of exceptions.

The act of 1826 fo low. d, the design of which was to re-
move all restrictions from the full exercise of the power by
the court. The language is broad enough surely .o warrant
such a construction. After providing for certain other pro-
ceedings in cases of appeals, the law proceeds as follows: "the
Court of Appeals shall make such regulations as may be right
and proper for hearing and determining the same; and shall,
upon the transcript so transmitted, on any appeal or writ of
error as aforesaid, and the proceedings thereon, give judgment
or award a writ of *procedendo* for a rehearing of the case as
shall appear to be just."

The act of 1830, chap. 186, which related to the same sub-
ject, was but in effect a reenactment, in part, of the act of

1826. The act of 1830 appeared to have been passed merely for the purpose of enlarging the powers conferred by the act of 1790, so as to authorise the court to grant a *procedendo* as well in cases where the judgment was affirmed upon exceptions as where it was reversed; and it has been contended that this last act is to be taken as a legislative interpretation of the act of 1826, in this, that the act of 1826 could not have embraced the case of an affirmed judgment upon exceptions, otherwise the act of 1830 never would have been passed. If this be true to what cases did the act of 1826 apply? Certainly not to judgments of *reversal on exceptions*, because that class of cases had been fully met by the act of 1790. Unless, then, the act of 1826 extended to cases like the present its application must be narrowed down to those of *reversal on demurrer*, or it had no meaning at all. And it could have had no application to such cases even, because, before the act of 1826, this court had exercised the power of awarding a *procedendo* in cases of reversal on demurrer. 7 *Har. & John.* 372, *Neale vs. Clautice.* If this act does not embrace the present case it never can have any vitality—it must always be without efficacy. Surely this cannot be. The legislature must have designed the accomplishment of some object when it passed the act of 1826.

In our opinion, the manifest design and meaning of that act was to extend the powers of the court to every case which had merits disclosed by the record, but which could not be elicited as the case was then presented.

It has been urged upon us as a binding precedent, that the former Court of Appeals have refused similar applications. The cases referred to in argument in support of this view, (5 *Gill and John.*, 239, and 6 *Gill and John.*, 268,) are not similar to this, except that they were affirmed on appeal. The court, in each of those cases, had decided that the plaintiffs could not recover upon the allegations set out in the declaration. In the present case we have said, that the record discloses a meritorious case on the part of the plaintiff, and therefore we think, (to use the language of the law itself,)

"that it appears to be just," that the application should be granted "for a rehearing of the case," and accordingly we direct our clerk to issue a writ of *procedendo*.

*Procedendo for a rehearing awarded under the act of* 1826, *chap.* 200, *sec.* 10.