(Decided 1st March, 1883.)

---

The Mutual Endowment Assessment Association of Baltimore *vs.* James Essender, Administrator of Nathaniel C. Robertson.

*Construction of clauses in a Policy or certificate of Life insurance—Insufficient notice to work a Forfeiture of a Life policy or certificate.*

A policy or certificate of life insurance contained the following provision: "It is agreed that the said N. C. R. shall pay the sum of twenty-five dollars as a membership fee; and further, the sum of two dollars and a half, quarterly, for expenses, to be paid said Association, and also such sums as may be required by the conditions annexed, for mortuary assessments." The policy or certificate also contained the following clause: "The holder of this certificate further agrees and accepts said certificate upon the express condition, that if the said assessment or quarterly dues shall not be paid at the office of said Association within thirty days' after date of notice, the certificate shall be null and void, and of no effect." HELD:

That the foregoing clauses, taken and construed together, meant that while the insured, (N. C. R.) after having paid his membership fee, agreed to pay the Association two dollars and a half, quarterly, the Association agreed not to forfeit his membership, unless he made default in the payment of quarterly dues and assessments for more than thirty days after they gave him notice. Notice was a condition precedent to forfeiture.

A notice to the insured in a Mutual Endowment Association, requiring him to pay ten dollars as dues for an entire year, and in advance, is bad and does not work a forfeiture of the policy, the insured having contracted to pay the sum of two dollars and a half at the end of each quarter, and the Association having assumed the burden of giving him notice when such quarterly dues were payable, and a forfeiture of the policy being conditioned upon the failure of the insured to pay his quarterly dues at the office of the Association within thirty days after date of notice.

APPEAL from the Court of Common Pleas.

This suit, which subsequently was removed into and tried in the Court of Common Pleas, was originally brought in the Baltimore City Court by the appellee against the appellant, upon a certificate of life insurance, issued by the latter on the 23rd day of December, 1879, to Nathaniel C. Robertson, to recover $5000 mortuary benefits, according to the terms of said certificate. Robertson died in July, 1880, and the appellant denied all liability under this certificate, and insisted that the same had become null and void, because, as it claimed, Robertson had failed to pay his quarterly dues, $2.50, maturing April 15th, 1880, within thirty days after notice, alleged to have been given to him; but the fact of such notice was wholly denied by the appellee.

*Exception.*—The defendant offered the following prayer:

If the jury find from the evidence that the certificate of membership offered in evidence by the plaintiff, was issued to Nathaniel C. Robertson, on the 23rd of December, 1879, by the defendant corporation, and that a copy of the circular or prospectus issued by defendant, as was proved by

the witness Mitchell, was delivered to said Robertson before he applied for and obtained said certificate of membership; and shall further find, that a printed notice, dated April 15th, 1880, in the form, and with the blanks filled up in the manner testified to by the witness Stevenson, or the witness Matthews, was placed in an envelope, which was directed to Nathaniel C. Robertson, Clerk of the City Court, Baltimore, and was duly stamped and deposited on the afternoon of the 14th or 15th of April, 1880, and that letters so addressed were daily delivered by a letter-carrier of the city post-office, at the office of the Clerk of the City Court, and that said Robertson was the Clerk of said City Court, and had requested that notices from the company to him should be so addressed; and shall further find that said Robertson did not pay his annual or quarterly dues within thirty days from the date of said notice, and never did pay to said defendant any annual or quarterly dues, then upon the expiration of said thirty days, the said certificate of membership was, and became null and void and of no effect, and the plaintiff is not entitled to recover, notwithstanding that the jury may find that Robertson, by his agent, did, sometime in the month of June, 1880, tender to defendant $2.50, the amount of his quarterly dues payable on April 15th, 1880.

This prayer the Court (BROWN, J.,) rejected, and the defendant excepted.

It was conceded by the defendant that its obligation rested on notice, *vel non*. The plaintiff denied the sufficiency of the notice, even if it had been sent or given by the defendant.

The verdict and judgment were for the plaintiff for $2407.50. The defendant appealed.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, and IRVING, J.

*E. Calvin Williams,* and *William H. Cowan,* for the appellant.

*William J. O'Brien,* for the appellee.

STONE, J., delivered the opinion of the Court.

The whole contract between the appellant Association and Robertson, the insured, is contained in the certificate of membership issued to Robertson, and the rights of the parties in this case must depend upon that certificate alone. The circular shown by Mr. Mitchell, acting as the agent of the Association, to Mr. Robertson in his life-time, and before he became a member, formed no part of his contract, and was in fact, merely an advertisement setting forth the advantages of the Association.

The first Article of the certificate of membership is as follows:

1st. " It is agreed, that the said Nathaniel C. Robertson, shall pay the sum of twenty-five dollars, as a membership fee; and further, the sum of $2.50 quarterly, for expenses, to be paid said Association, and also such sums as may be required by the conditions hereto annexed, for mortuary assessments."

If this Article was the only part of the certificate that related to the quarterly dues, it would have been the duty of the insured to have paid these expenses without any call or notice. But by the sixth clause in the certificate, a different face is put upon the matter. That clause is in these words:

6th. " The holder of this certificate further agrees, and accepts said certificate upon the express condition, that if the said assessment or quarterly dues shall not be paid at the office of said Association, within thirty days after date of notice, the certificate shall be null and void and of no effect."

By this latter clause the Association assumed the burden of giving the insured a notice, and the insured did not for-

feit his membership, if he paid his dues at any time within thirty days from the date of such notice. Taken and construed together, as the first and sixth clauses of the certificate must be, they mean this, that while the insured, Robertson, after having paid his membership fee of twenty-five dollars, agreed to pay the Association two dollars and a half quarterly, the Association agreed not to forfeit his membership, unless he made default in the payment of his quarterly dues and assessments for more than thirty days after they gave him notice. There is no question raised as to the assessment for death, but only as to the quarterly dues.

Robertson may have neglected or omitted to pay his quarterly dues, but that fact alone would not, without the notice from the company, deprive him of his membership. The notice was a condition precedent to the forfeiture, and it becomes important to enquire what such notice should contain.

We think it quite clear that the notice contemplated by the sixth clause, must mean a notice given after the quarterly dues were payable. It does not mean a notice given in advance and before the quarterly dues were payable; for if that were so, Robertson could have been notified on the very day of the issue of the certificate, (23rd Dec., 1879,) that he must pay his quarterly dues for the whole of the next year, or even longer.

This was certainly not contemplated by either party to the contract, and is not borne out by the language of the clause. If Robertson, then was entitled to his notice *after* his dues were payable, the first notice that the company could properly give him, was after his first quarterly payment fell due. Then the notice given him must be reasonably in accord with the contract, and must call upon him, or notify him with reasonable certainty what he must do within the next thirty days.

Now the notice actually sent to Robertson according to the defendant's testimony was the following:

"*Baltimore, Md., April* 15*th,* 1880.

"You are hereby notified, that your annual dues for the year ending April 15th, 1881, are to be paid at this office. Amount $10.00. Send this notice back with your remittance, when it will be receipted and returned to you."

By that notice Robertson was called on to do what he had not contracted to do. He had contracted to pay $2.50 at the end of each quarter, and was called on to pay ten dollars as an annual fee, and in advance. Nor did the Association do what they had contracted to do. Their contract was, as we have before said, to notify the insured *after* his payments were due, but they in fact notified him of claims that were to fall due in the future, and demanded payment in advance against the terms of the agreement.

Now forfeitures are not favored in the law, and the Courts are always ready to seize hold of any circumstances that can reasonably avoid so harsh a measure as a forfeiture. In this case the Association relies upon this notice as sufficient ground for the forfeiture of the interest of Robertson in the company. But in all such cases where a forfeiture is sought to be enforced through a notice, as a condition precedent, the party seeking to enforce it must show that he has complied at least with reasonable certainty, with all the conditions precedent, and the other party is entitled to such a notice as his contract calls for. In the case of *Johnson vs. Lyttle's Iron Agency*, 5 *Chan. Div.* 687, the Court (JAMES, MELISH, and BAGGALLY,) unanimously held, that a notice to a shareholder in which he was charged more *interest* than he ought to have been, was on that account bad, and not sufficient to cause a forfeiture of his shares, and lay down the rule that the condition precedent must be strictly complied with. While we are not inclined to adopt a rule so strict, as the one laid down in that case, still there is a wide, and in our opinion, fatal variance in this case between the notice actually given, and the one required by the terms of the contract, both in

the amount required to be paid, and the time of the payment. Such a notice is wholly insufficient to work so grave a consequence, as the forfeiture of a valuable interest to the insured, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 1st March, 1883.)