WILLIAM E. EARNSHAW, BASIL B. EARNSHAW, and others *vs.* THE SUN MUTUAL AID SOCIETY OF BALTIMORE CITY.

*Mutual aid Society—Failure to make Assessment—Action by Beneficiary against Society—Restraint by Injunction against bringing Suit—Contract limitation—Statutory limitation.*

In a certificate of membership in a mutual aid society, it was stipulated that the beneficiary "shall be entitled to mortuary benefits to be assessed on the membership according to the table of rates and the by-laws of the society, and the amount so collected to be paid at the office of the society within ninety days after the proof of death shall have been satisfactorily established; provided the member shall have promptly paid all dues and assessments," and "pro-

30          v. 68.

vided, however, that in no case shall any benefit  *  *  *  exceed the sum of ten thousand dollars." HELD:

That for a refusal or neglect to make the proper assessment, an action at law would lie against the society, upon a declaration charging, with other appropriate averments, a failure or refusal to make the assessment, and averring that if such assessment had been duly made, it would have resulted in the collection of ten thousand dollars, and claiming that sum as damages for such failure or refusal, and the plaintiff would be entitled to recover what upon proof he could show such assessment would have yielded, if it had been duly made.

Where in the certificate of membership of a mutual aid society, it is expressly agreed between the parties thereto, that suit for the recovery of any claim arising under the certificate must be commenced within six months from the death of the assured, and the failure to commence such suit within the time specified, would be a forfeiture of all rights and claims under the certificate, and within that time by an injunction enjoining the beneficiaries from receiving from the society any portion of the certificate, and the society from paying any portion thereof to them, they are prevented from bringing suit until after the expiration of the six months, such contract bar is absolutely removed and cannot be revived, and the plaintiffs are then only bound by the limitation prescribed by statute.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Phil. H. Tuck*, and *C. C. Magruder*, for the appellants.

The declaration in this case may not be artistically drawn, but " any declaration which contains a plain statement of the facts necessary to constitute a ground of action, shall be sufficient." *Rev. Code, sec. 64, of Art. 64.*

This certificate is an express contract, and our cause of action is in covenant for non-performance of its stipulations. *Chitty on Pleading,* 153, 154.

Breach of the contract is the foundation here, and a common law Court is always the proper forum for such relief; resort to equity can never be had unless there is no adequate remedy at law.    No valid reason can be assigned why this action should not be sustained, unless it is impossible to assess the damages.    Can there be any possible objection to these appellants recovering at law, of the appellee, such sum as it would have received if it had complied with its contract?    If this amount is to be arrived at by approximation, a wrong-doer cannot complain.    By analogy, we have no difficulty in recovering, so far as the measure of damages is involved.    *Warfield vs. Booth,* 33 *Md.,* 63; *Schell vs. Plumb,* 55 *New York,* 592; 1 *Sedgwick on Damages,* 543; 2 *Sedgwick on Damages,* 153; 6 *Cowen,* 628; *Creecy vs. Lawson,* 2 *Gill,* 70–73.

Actions on an ordinary life policy, where, for some reason the plaintiff is entitled to recover the equitable value of the policy, there can be no absolutely certain standard, but evidence of experts and others is resorted to for the purpose of showing the true amount.    93 *U. S.,* 34, 36; 64 *Missouri,* 331; 16 *Kansas,* 481; 7 *Nebraska,* 66.

" Where the clear right of a party is invaded in consequence of another's breach of duty, he must be entitled to an action against that party for some amount."    *Clifton vs. Hooper,* 6 *Q. B.,* *N. S.,* 468.

" There are certain established rules according to which a jury ought to find, and here there is a clear rule, that the amount which would have been received if the contract had been kept, is the measure of damages if the contract is broken."    15 *Mees. & W.,* 117; *Sedgwick on Dam.,* 436.

It was argued that the defendant could not enforce the assessments if parties did not pay, but could only forfeit the policies; conceding this to be true, the wrong-doer has no right to assume what members would have forfeited their policies.    On the contrary, members could be

made to pay by suit, as there is an express promise to pay in the third clause. 34 *Md.*, 326; 3 *Hill*, 508; 32 *Pa.*, 75; 6 *Cranch, U. S.*, 192; 62 *Md.*, 196; 13 *Fed. Rep.*, 493; 1 *Redfield on Railways*, 163; *Mutual Endowment Association vs. Essender, Adm'r*, 59 *Md.*, 463.

"Suit to recover a claim by virtue of the policy means any proceeding in a Court for the purpose of reaching and getting possession of the loss which may be found to be payable under whatever mode the law permits." *May on Ins.*, 736.

If the equity proceeding in this case was not such a suit as gratified the stipulation, then compliance by the appellants with the condition of this stipulation was impossible by reason of the injunction.

Any suit instituted by the Earnshaws to recover this insurance would have placed them in contempt of Court for violating the spirit, if not the strict letter, of the injunction; and it is all-important in determining whether there has been an actual breach, to observe the object for which the relief was granted. 2 *High on Injunctions*, 938; *Little vs. Price*, 1 *Md. Ch., Dec.* 182, decides that an injunction suspends the running of the Statute of Limitations.

In *Semmes vs. Hartford Ins. Co.*, 13 *Wall.*, 158, the appellant sued the appellee on October 31, 1866, upon an insurance policy for a loss which occurred on January 5th, 1860. The company pleaded that by the policy itself it was provided that no suit should be sustained unless commenced within twelve months of the loss. After speaking of this condition as a harsh provision the Court says: "We have no doubt that the disability to sue imposed on the plaintiff by the war, relieves him from the consequences of failing to bring suit within twelve months after the loss, because it rendered a compliance with that provision impossible, and removes the presumption which that contract says shall be conclusive against the validity of the plaintiff's claim. That part of the contract, there-

fore presents no bar to the plaintiff's right to recover."
See *May on Insurance*, 732.

"Forfeitures are not favored in the law, and the Courts
are always ready to seize hold of any circumstances that
can reasonably avoid so harsh a measure as a forfeiture."
*Mutual Endow. Assess. Asso. vs. Essender, Adm'r*, 59 *Md.,*
468.

 *Frederick C. Cook*, for the appellee.

In order to entitle the plaintiffs to recover at law in an
action of contract, they must allege and prove that an
assessment was made and collected and that the defendant
failed to pay over the same. *Curtis vs. Mut. Ben. Life
Co.* 48 *Conn.,* 98; *Eggleston, etc. vs. Centennial Mutual Life
Asso.,* 18 *Fed. Rep.,* 14, and 19 *Fed. Rep.,* 201; *Smith vs.
Covenant Mut. Ben. Asso.,* 24 *Fed. Rep.,* 685, 688.

The twelfth section of the certificate of membership pro-
viding, "that all suits at law or in equity for the recovery
of any claims arising under this certificate must be com-
menced within six months from the date of such loss, and
the failure to commence such suit within the time specified,
shall be a waiver of all rights and claims under this
certificate," effectually bars this suit.

While it might be conceded that an injunction against
the bringing of any suit might probably have the effect
contended for, by way of suspending the operation of this
contract-limitation ; still, in this case the writs of injunction
neither prohibit in terms or spirit the bringing of any suit
or the prosecution of the same to judgment, but only the
paying over and receiving of the money. Surely no attach-
ment would have been granted against these plaintiffs had
they sued the defendant during the currency of these writs
of injunction.

The plaintiffs cannot complain of the application of this
provision of the contract of membership, inasmuch as they

470        MARYLAND REPORTS.

Earnshaw *vs.* Sun Mutual Aid Society.

could have protected themselves by having this defendant ordered by the Circuit Court for Prince George's County, while the case of C. Morton Stewart was pending, to make an assessment and bring the proceeds of the same into Court. *Riddlesbarger vs. Hartford Fire Ins. Co.,* 7 *Wall.*, 385; *Bliss on Life Ins.,* secs. 356, 357, 359; *May on Ins.,* secs. 483, 489.

There is, however, considerable question whether the mere fact of enjoining the bringing of a suit would, unless the party were also enjoined from pleading the Statute of Limitations, have the effect of suspending the operation of the Statute, even in the case of the ordinary statutory limitations. *Wood on Limitations, sec.* 243.

MILLER, J., delivered the opinion of the Court.

The instrument sued on in this case is a certificate of membership in a duly incorporated Mutual Aid Society, which was issued to John Earnshaw on the 15th of May, 1882. It contains many conditions, only two of which have any bearing upon the questions presented by this appeal.

By the *second* condition, (read as applicable to the circumstances of the present case,) the corporation stipulated that the beneficiary designated in this certificate by the member to whom it is issued, "shall be entitled" to " mortuary benefits *to be assessed on the* membership according to the table of rates and by-laws of the society, and the amount *so collected* to be paid at the office of the said society within *ninety days* after the proof of death shall have been satisfactorily established," provided the member shall have promptly paid all dues and assessments, and "provided however that in no case shall any benefit for this certificate exceed the sum of ten thousand dollars." And by the *twelfth* condition it was "expressly agreed and understood by and between the parties hereto, that all suits *at law* or *in equity* for the recovery of any claims

Earnshaw *vs.* Sun Mutual Aid Society.

arising under this certificate must be commenced *within six months from the date of such loss,*" (which in this case was the death of the assured) "and the failure to commence such suit within the time specified shall be a waiver of all rights and claims under this certificate."

When this suit was brought no assessment under the certificate had been made, and it is contended that until this was done, and they had the money in hand realized from the assessment no action at law will lie against the society. But in our opinion under a declaration properly framed for that purpose a suit at law can be maintained against the corporation for a refusal or neglect to make the assessment. It was their duty to make it under the contract, and if by breach of this duty injury has resulted to the plaintiffs, a Court of law is the most appropriate tribunal to afford them redress. There may be some difficulty as to the measure of damages in such an action, and in enforcing the judgment after it is recovered. In some cases such contracts have been declared on in *assumpsit* as simple contracts of insurance for the maximum amount stated in them; and it has been held that the recovery may be such amount unless the defendant shows by pleadings and proof that such sum should be reduced. *Lueder's Ex'r vs. Hartford Life & Annuity Ins. Co.,* 12 *Fed. Reporter,* 465 ; *The Elkhart Mutual Aid Benevolent & Relief Association vs. Houghton,* 103 *Ind.,* 286. But in *Curtis vs. Mutual Benefit Life Co.,* 48 *Conn.,* 98, the action was in *assumpsit* and the declaration assigned only the breach of a *promise to pay* the maximum amount and the plaintiff recovered judgment. The case came before the Supreme Court by motion in error bringing up for review a judgment of the trial Court overruling a motion in arrest founded upon the insufficiency of the declaration. The Court held the declaration to be fatally defective, because, among other things, it contained *no allegation of any neglect* to lay the assessment, and said, "the thousand dollars

is not promised to be paid by the terms of the contract, but is mentioned merely as the limit of liability." The judgment below was accordingly reversed, but the case was remanded in order, as we assume, that it might be re-tried upon an amended declaration. This case is certainly an authority for the position that an action at law, if brought in proper form, can be maintained against the company and to the extent above noted, takes, as we think, the more correct view of the law as to what the declaration should contain, and the extent of the recovery. We, however, entirely concur in the remarks made by the Judge in 12 *Fed. Reporter*, 472, to the effect that when a loss occurs under such a contract and satisfactory proof thereof is made to the president and secretary, their duty to make the required assessment ensues according to the express terms of the contract, and if they fail to perform such duty the other party is not to be left remediless; that there must be some one answerable at law for the contracts the corporation makes, and judgments on such contracts must be against the corporation, for otherwise, a policy like this would be of little worth and such a scheme of insurance be a mere delusion and snare.

We think then that if there had been a declaration in this case, which, after other appropriate averments, had charged a failure or refusal to make the assessment, and then averred that if such assessment had been duly made, it would have resulted in the collection of $10,000, and claimed that sum as damages for such failure or refusal, as substantially set forth in the amended declaration, (which was exhibited to us in argument) in the case of Mrs. Osborne against this same society on another like certificate, in the Court of Common Pleas, it would have enabled the plaintiffs to recover what *upon proof* they could show such assessment would have yielded if it had been duly made. There might be some difficulty in obtaining the requisite proof, but the officers of the society

could be called as witnesses, and made to disclose how many members there were at the time the assessment should have been made, and what was their ability to pay. But we do not propose to decide in advance what may be legal and.competent evidence on this subject, nor to say how judgment, if it should be recovered, could be enforced apart from the property which the corporation may own. All that we mean to say is, that an action at law upon a declaration of this character may be maintained. In fact we have neither found, nor been referred to, any case in which it has been expressly decided, that no action at law will lie against the corporation before an assessment has been made. In the cases of *Mutual Endowment Assess. Asso. vs. Essender,* 59 *Md.*, 463, and *Yoe vs. The Benjamin C. Howard Mutual Benevolent Association,* 63 *Md.*, 86, the certificates were of the same character and the actions were at law, but no objection was made to them on that ground. In *Eggleston vs. Centennial Mutual Life Asso.,* 18 *Fed. Rep.,* 17, *and* 19 *Fed. Rep.,* 201, the instrument contained a ‚clause that "the only action maintainable upon this policy, shall be to compel the association to levy the assessments herein agreed on," and the decisions were based exclusively on that clause. And in *Smith vs. Covenant Mut. Ben. Asso.,* 24 *Fed. Rep.,* 685, the opinion, as we read it, concedes that an action at law would lie if it was grounded upon a refusal by the company to make the assessment.

Another defence is that the suit was not brought within six months as provided in the twelfth clause of the certificate. This defence the Court below sustained by ruling out the record of the equity suit in Prince George's County, which was offered in evidence by the plaintiffs, and in this we think there was error. The certificate is for the benefit of John Earnshaw as to one-half, and of his son William as to the other half, and the plaintiffs in this action, which was brought on the 7th of August, 1886, are the

four sons of the said John Earnshaw, who died on the 31st of July, 1883.

Now by reference to the record referred to, it appears that on the 23rd of June, 1883, shortly before his death, John Earnshaw assigned his interest in the certificate to his four sons in equal shares, and the society assented thereto, so that the entire beneficial interest therein became vested in these plaintiffs. It also appears that John Earnshaw died insolvent leaving a will by which he appointed his son Basil his executor, and that on the 30th of November, 1883, a creditors' bill was filed to which all his sons, as well as this society, were made parties. This bill, among other things, assailed the validity of this assignment upon the ground that it was made in fraud of the creditors of the deceased, and prayed for an injunction to restrain the sons *from receiving* from the society *any portion* of this certificate, and the society from paying over any portion thereof to them. The Court on the same day the bill was filed, granted the injunction as prayed, and it was duly served shortly thereafter. In their answer to this bill, which was filed on the 14th of February, 1884, the society say that the executor of John Earnshaw had never made any demand on them for payment, submit themselves to the jurisdiction of the Court, and declare "their willingness to abide its decision as to which of the claimants may be entitled to the benefit of an assessment for said certificate, none having yet been made." In regard to this answer it may be observed, that their manifest willingness *at that time* to make an assessment whenever the parties entitled thereto should be ascertained, is in strange contrast to their refusal to do so *now*, when there is no doubt as to the plaintiffs' right to it. The case resulted in a decree passed on the 7th of March, 1885, which, among other things, vacated the assignment, appointed a receiver to collect the money from the society, and directed the latter to make the assessment, and pay the same over to him. But

on appeal that part of the decree was reversed by this Court, (64 *Md.*, 513,) on the 5th of February, 1886, and on the remand of the case the Court below, on the 24th of April, 1886, passed an order discharging the receiver.

In our opinion this injunction so long as it remained in force prohibited the plaintiffs from bringing an action on this certificate. Such an action and the recovery of a judgment therein, where the complaining creditor would have no right to intervene and protect his interest as to the amount to be recovered, might, and probably would, have been injurious to him, and, as it seems to us, would have been such a violation of the spirit, if not the strict letter, of the injunction, such a breach of the mandate of the Court, as would have rendered the plaintiffs liable to an attachment for contempt.   2 *High on Injunc.*, *sec.* 1446. The clause in question declares in effect that suit "must be commenced within *six months from the date of the loss,*" otherwise all rights and claims under the certificate shall be forfeited.   This gave the plaintiffs six months from the date of the death of John Earnshaw within which to bring suit, and *before that period had elapsed* the injunction came in and prevented them from suing.   It is said, however, that counting the time from the death to the injunction and adding to it the time after the injunction was dissolved to the date of the action, makes a much longer period than six months during which the plaintiffs were under no disability, and indeed that two days more than six months had elapsed after the date of the reversing order of this Court, and the commencement of the action. All this is quite true, but what effect have these facts on the question under consideration?   This period of six months is not a limitation prescribed by *statute*, but fixed by *contract*, and the distinction between these two classes of cases is very clearly drawn by the Supreme Court in *Semmes vs. Hartford Ins. Co.*, 13 *Wal.*, 158.   In that case

there was a similar clause in a fire policy issued by a Connecticut Company to a resident of Mississippi, providing that suit must be commenced " within twelve months next after the loss shall occur," and if commenced afterwards the lapse of time shall be conclusive against the validity of the claim.   After the loss and before the expiration of the twelve months, the war intervened and prevented the plaintiff from suing, but after the war closed he brought his suit in the Circuit Court for the District of Connecticut, and this contract bar was set up as a defence.   The Circuit Court found that there was an interval between the commencement of the war and the date of the loss, which added to the time between the close of the war and the commencement of the action, amounted to more than the twelve months allowed by the contract, and sustained the defence.   But the Supreme Court held that this contract period does not open and expand, like the period of limitations imposed by statute, so as to receive within it three or four years of legal disability created by the war, and then close together at each end of that period, as though the war had never occurred ; that the contract period relates to the twelve months next after the loss, and the Court had no right, as in the case of a statute, to construe it into a number of days equal to twelve months made up of the days in a period of five years, in which the plaintiff could have lawfully commenced his suit ; and that in such a case where a cause intervenes which prevents the plaintiff from suing before the specified contract period expires, the contract bar cannot be afterwards *revived*, but is *absolutely removed*, and the plaintiff is then only bound by the limitation prescribed by statute.   Deeming this view of the law to be just and reasonable, we adopt it as applicable to the present case, and as this certificate is under seal, the only statutory bar is twelve years.   We, therefore, hold that this action is not barred either by contract or statute.

Earnshaw *vs.* Sun Mutual Aid Society.

The Court also excluded the certificate as evidence, upon the ground of variance between it and the contract declared on, and in this ruling we find no error. We have already expressed our views as to the form of declaration suitable to the case, and the one adopted by the pleader here is not only materially different, but is substantially like the one condemned in *Curtis vs. Mutual Benefit Life Co.*, a case which we have approved. In *Essender's Case* no question was raised as to the sufficiency of the declaration there used, which counsel for appellants insist is substantially like the one they have adopted.

Affirmance of this ruling would seem to require an affirmance of the judgment notwithstanding the error in the ruling on the other point, because if the contract sued on be out of the case the plaintiffs have nothing to stand upon, and the error in the other ruling did them no harm. But conceding this to be so, and that the judgment ought to be affirmed; still, we think it a clear case where a new trial ought to be had notwithstanding the affirmance, and to that end we should use the power vested in this Court by the Code, Art. 5, sec. 16. *Kennerly's Exe'x vs. Wilson*, 2 *Md.*, 245. It is immaterial to the parties therefore whether we affirm and remand, or reverse and remand, and we adopt the latter course.

*Judgment reversed, and*
*new trial awarded.*

(Decided 14th March, 1888.)