# THE CONSOLIDATED GAS COMPANY *vs.* THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY.

*Preliminary Injunction—Consolidation of Corporations—Right of Gas Company to Lay Mains Under Highways of a County.*

When there is a special prayer in a bill for a preliminary injunction and an order is passed directing it to issue as asked for, then its scope is to be determined by the language of the prayer.

When different companies. are afterwards consolidated in a new corporation, this corporation succeeds to the powers, rights and liabilities of the constituent companies, unless otherwise directed by statute.

Defendant gas company was authorized by the law of its creation to lay pipes under the streets and roads of any county, subject to any law that might be passed by the County Commissioners for filling up and repaving of any street or road under which the pipes might be laid. A regulation of the County Commissioners of Baltimore County provided that no *water* mains or pipes should be laid within the limits of any of the highways of the county, or any of said highways be dug up for said purpose, without a permit. The Commissioners filed the bill in this case alleging that the defendant company was laying gas pipes under certain roads in said county without having obtained a permit so to do; that the work was being done in a manner injurious to the public, and that the pipes were used for the transmission of gas purchased from another company which had no authority to sell gas. The bill prayed : 1. That a preliminary injunction be granted restraining the defendant from disturbing the beds of certain roads and laying gas mains therein until such time as it may obtain from the County Commissioners a written permit so to do, or until the further order of the Court. 2. That at the final hearing the defendant may be perpetually enjoined from laying the said gas mains. From an order directing the issue of a preliminary injunction this appeal was taken. *Held,* that since the regulation of the County Commissioners did not relate to gas pipes and since the defendant company had a right under its charter to lay gas pipes under the roads of the county, a written permit to do that was not necessary and the preliminary injunction was improperly issued.

*Held,* further, that under this prayer for a preliminary injunction the Court would not be authorized to issue it upon the ground that the defendant was laying pipes in such manner as to constitute a nuisance.

Appeal from the Circuit Court of Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, and JONES, JJ.

*Edgar H. Gans*, for the appellant.

*Osborne I. Yellott*, for the appellee.

BOYD, J., delivered the opinion of the Court.

This is an appeal from an order granting a preliminary injunction on a bill filed by the appellees against the appellant. The bill refers to the powers given to the County Commissioners over the public highways, by the general laws, and to those vested in the Board of Road Commissioners of Baltimore County, by ch. 685 of the laws of 1900, as amended by ch. 524 of the laws of 1902, and alleges that the County Commissioners have adopted certain rules and regulations governing the granting of permits to individuals and corporations desiring to go upon and dig up or disturb the beds of the public highways of Baltimore County, and requiring them to secure permits to do so. It further alleges that the rules and regulations were duly recorded among the records of the County Commissioners, of which the defendant had due notice, and that they had been at all times ready and willing to grant such permit to any individual or corporation entitled to and applying therefor.

It alleges that the defendant is a body corporate engaged in the business of manufacturing, selling and supplying illuminating gas, being a consolidation of two companies named, which were incorporated under the general incorporation laws of the State, and of the Equitable Gas Light Company of Baltimore City, incorporated under ch. 132 of the Acts of 1867, as amended by ch. 337 of the Acts of 1882, and ch. 221 of the Acts of 1886, all of which are prayed to be taken as a part of the bill.

It then charges that the defendant entered into an agreement with the Maryland Steel Company of Baltimore County, by which it was to purchase large quantities of coal gas;

which was to be conducted through mains or pipes from the property of the Maryland Steel Company through and across the twelfth election district of Baltimore County into Baltimore City to the manufacturing plant of the Gas Company, "whence it is to be distributed throughout Baltimore City as the product of said Consolidated Gas Company." That in pursuance of said agreement, without first getting permission of the County Commissioners, or from the Road Commissioners, the defendant began to dig trenches in a public highway of the county and to lay in the trenches large gas mains or pipes, said work being done with great inconvenience to the travelling public, and not under the rules and regulations of County Commissioners, whereupon the County Commissioners notified it not to do any further work in laying said gas mains without obtaining a written permit. That the defendant proceeded with its work, dug trenches and laid mains in the public highways of the county, for a distance of over two miles, and that it was then engaged in laying pipes for a distance of about three miles. In the 8th paragraph of the bill it is alleged that the pipe line is being laid in a way which is greatly detrimental to the interests of the travelling public, and the method adopted is set out at some length by which it is claimed that the roads will be rendered in a great measure unfit for public travel and the plaintiffs will be put to great expense and trouble. It is then charged that the defendant has no authority to use said highways without first obtaining permission and without conforming to the rules and regulations which the County Commissioners have heretofore imposed or may impose in the premises.

It also alleges that the agreement between the Steel Company and the Gas Company is null and void, as the Steel Company has no power to manufacture and sell gas in Baltimore County, and the Gas Company has no power to use the highways in getting gas from another company. The bill then prays:

1. That a preliminary injunction may be granted prohibiting the defendant, its servants and agents "from tearing up

and disturbing the beds of the Trappe and Sollers Point roads in Baltimore County and from laying gas mains and pipes therein, until such time as it may obtain from the County Commissioners of Baltimore County a written permit so to do, or until the further order of this Court."

2. That at the final hearing the defendant may be forever enjoined and restrained from tearing up the beds of these roads for the purpose of laying gas mains or pipes to conduct gas from the property of the Maryland Steel Company to the plant of the defendant.

3. And for general relief.

An order was passed that a "preliminary writ of injunction be issued as is prayed in the first prayer of said bill," with the usual provisions for a motion to dissolve, and that a permanent injunction issue as prayed in the second prayer of the bill, unless cause to the contrary be shown, etc. After filing an answer, an appeal was entered from the order granting the preliminary injunction and the only question before us is whether there was error in granting that injunction, as of course there is no appeal from the order to show cause.

A copy of the rules and regulations adopted by the County Commissioners was filed with the bill. By them it was ordered on the 30th of April, 1903, "1st. That from and after this date, no electric light, telegraph or telephone poles shall be planted on, across, along, or within the limits of any of the public highways of Baltimore County, or wires strung thereon or thereover, and no electric, steam or other railway tracks shall be laid down or constructed on, across, along or within the limits of any of said public highways, and no *water mains or pipes* laid within the limits of said highways, or any other structure of any kind whatsoever constructed or erected thereon, or any such public highway be dug up, uncovered or disturbed for *said purpose or purpose*, without a permit in writing duly signed by the County Commissioners of Baltimore County and recorded among the records of said body." Various provisions are then made for the issuing of the permits, regulation of the work, etc.

It will be observed that the preliminary injunction simply prohibits the defendant from tearing up and disturbing the beds of those roads and from laying gas mains and pipes therein "until such time as it may obtain from the County Commissioners of Baltimore County a written permit so to do, or until the further order of this Court." If then a written permit was not necessary, it is manifest that the preliminary injunction was improperly issued, as the Court could not prohibit the defendant from laying its mains and pipes until it did something which it was not authorized to do. The bill does not pray for a preliminary injunction to prevent the defendant from laying its mains and pipes in an improper manner, or in a way that is injuring the roads and interfering with the public travel, as it alleges it was doing, but the relief sought in the first prayer of the bill is simply to enjoin the defendant until it obtained the written permit, and nothing else. The failure or refusal to obtain such written permit is the only ground upon which relief under that prayer is asked. The alternative "or until the further order of this Court" cannot enlarge the relief prayed for. · The Court could dissolve the injunction by its further order before a written permit was obtained by the defendant, but it could not continue it under that prayer after it determined that a permit was not necessary. In the recent case of *Shipley* v. *Western Maryland Tide Water R. R. Co.*, decided in January of this year, it was contended that a preliminary injunction could not issue because it was not specifically prayed for, but as the bill did pray for an injunction and that was the only relief asked for, we said, "We are not aware of any decision in this State that requires the plaintiff to pray for a preliminary injunction under these circumstances." In *Webb* v. *Ridgely*, 38 Md. 364, this Court had said "that in order to obtain a preliminary injunction, there must be a formal prayer *for such process*, for although a bill may pray for. relief by way of injunction, yet if it does not pray for the *process of injunction*, the process will not be granted." "Such process" as there used, referred to the "process by way of injunction," and not specially to a preliminary injunction, as

is shown by the context and by the prayer set out on page 369, which this Court said was sufficient to justify the issuing of a preliminary injunction.   Now, by General Equity Rule 16, adopted by this Court, if an injunction is asked for in the prayer for relief, it is not necessary to repeat it in the prayer for process, Art. 16, sec. 134 of the Code.   But when, as in this case, there is a special prayer for a preliminary injunction, and an order is passed directing it to be issued as asked for in that particular prayer, we must look to it to ascertain the extent of it, and when we do we find that it only enjoined the defendant until it obtained a permit.   If it had obtained one after the injunction was issued it certainly could not be pretended that the defendant would have been in contempt if it had proceeded to lay its gas mains and pipes before a further order of the Court.

The regulation of the County Commissioners above quoted, which was relied on by the appellees, does not include *gas* mains or pipes.   It in terms only refers to electric light, telegraph and telephone poles and wires, electric, steam and other railway tracks, *water mains and pipes* within the limits of said highways.   It may be difficult to say with certainty whether the omission was intentional or accidental, but it possibly was because the County Commissioners knew that the Legislature had already authorized gas companies to lay pipes on the public highways.   Sec. 110 of Art. 23 of the Code expressly authorizes gas companies formed under that article "to lay conductors or pipes for the transmission of gas, in any city, town or county under the streets, squares, lanes, alleys and roads thereof  *  *  *  subject, however, to any law or ordinance that may be passed by the municipal authorities of the city or town, or the County Commissioners having jurisdiction, for the *filling up and repaving* any street, square, lane or alley or road, under which the said pipes may be laid."   The constituent companies that were incorporated under the general laws and consolidated in the defendant company were therefore expressly authorized to lay pipes on the county roads and were only made, by that section, subject to the orders of

the County Commissioners "for the filling up and repaving" of the roads.   In the excellent article on Corporations in 10 Cyc. it is said on page 303 that "As a general rule the new company succeeds to the rights, duties, obligations and liabilites of each of the precedent companies, whether arising *ex contractu* or *ex delicto*.   The charter powers, privileges and immunities of the constituent corporations pass to and become vested in the consolidated company, except so far as otherwise provided by the act under which the consolidation takes place, or by other applicatory, constitutional or legislative provisions."   In speaking of a consolidation of two railroad companies this Court said in *State, use of Dodson* v. *Balt. and Lehigh R. R. Co.*, 77 Md. 489, "Nothing is destroyed by the consolidation; whatever appertained to either of the constituent bodies now, in the same measure and under the same condition, appertains to the composite body.   *   *   *   It could not have been the purpose to deprive them of any rights, property or credits which they previously had; neither was it the purpose to relieve them from any responsibilities which they had incurred.   The design was to gather into one all the concerns of each of them, and vest them in the corporation formed by their union."   The provisions of the charter of the other company consolidated in the defendant corporation do not materially differ from those in the general laws, in so far as they reflect upon the question now before us.   A comparison of sec. 110 of Art. 23 with sec. 246 of Art. 23 of the Code, will show that the Legislature in its wisdom gave the County Commissioners much greater powers over water companies laying pipes than it did over gas companies.   The assent of the County Commissioners must be first had and obtained by water companies before laying pipes," and all such works and the exercise of the powers hereby granted shall at all times be subject to such reasonable regulations as   *   *   *   said County Commissioners   *   *   may from time to time provide. "   Even conceding to the County Commissioners the power to make reasonable regulations, before the pipes are laid by the defendant, they had no power under existing laws

or existing rules and regulations, so far as shown by the record, to require a written permit to be first obtained by it. It would seem to be clear then that the appellees were not entitled to a preliminary injunction to prevent the appellant from laying its gas mains and pipes until it obtained a written permit so to do.

We do not mean to intimate that the County Commissioners of a county cannot prevent a gas company from making improper use of its public highways. It was urged with great zeal at the argument of this case that even if the appellant was not required to obtain a written permit before proceeding with the work, the bill alleged such acts on its part as justified the interposition of a Court of equity. But without determining how far that could be done, if such relief was asked, there is nothing in the prayer for a preliminary injunction to authorize its issue on that ground. If the defendant was doing the work in the manner alleged in the bill, with all the serious consequences therein stated, the County Commissioners could never properly give a written permit for it to proceed, and hence we cannot see how it can be said that the application for a preliminary injunction was to afford relief against such acts as are alleged in the 8th paragraph of the bill, which in effect charged the defendant with committing a nuisance. It would establish a dangerous precedent to grant an injunction to prevent a nuisance, on a prayer which is as specific as this is in asking for it on an entirely different ground, and for a different purpose.

We do not feel called upon to consider the other questions referred to—whether the agreement between the appellant and the Maryland Steel Company is valid, or whether the appellant has the power to lay pipes for the purpose of conducting coal gas purchased of the Steel Company, as they are not involved in this appeal. They are intended to be presented by the second prayer of the bill, but the order of the Court only requires the defendant to show cause why the perpetual injunction should not issue as therein prayed and there is nothing in that part of the order from which an appeal could be

taken.    Under the views we have expressed as to the prayer for the preliminary injunction, nothing we might say on these other questions would have anything to do with what is now before us.    So much of the order of the Court as directs the preliminary injunction to issue must be reversed.

> *Order granting preliminary injunction reversed and cause remanded, the appellees to pay the costs.*

(Decided February 25th, 1904.)