(Decided 20th June, 1893.)

---

STATE, use of JEMIMA DODSON, and others *vs.* THE BALTIMORE AND LEHIGH RAILROAD COMPANY.

*Consolidation of Railroad Companies—Act of 1890, ch. 553— Liability of Consolidated company for Tort of Original companies—Wrongful death of Employé—Contributory Negligence — Pleadings — Sufficiency of Declaration — Amendment of Declaration.*

Where two railroad companies, whose tracks form a continuous line, consolidate under the Act of 1890, ch. 553, upon such terms as may be agreed upon, the original corporations cease to exist,

and a new corporation is brought into existence which comprehends them both, and as such is liable for the death of an employé of an original company, if such original company were responsible therefor before the consolidation.

The combining companies could not, by any contract between themselves, conclude the rights of persons who had been injured by their *torts.*

In an action against a railroad company to recover damages resulting from the death of an employé, the declaration is defective and insufficient, if it fail to aver that the person killed was using due care at the time of the killing, it being indispensable for the jury to inquire whether there was contributory negligence on the part of the deceased.

Where such omission is evidently accidental, the case will be remanded that the declaration may be amended, and the case tried on its merits.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, ROBERTS, and McSHERRY, J.

*John S. Young,* and *George Y. Maynadier,* (with whom was *J. T. C. Hopkins,* on the brief,) for the appellant.

*Winfield J. Taylor,* and *Robert R. Boarman,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

This suit was brought against the Maryland Central Railroad Company and the Baltimore and Lehigh Railroad Company to recover damages ensuing from the death of James A. Dodson, for the benefit of the equitable plaintiffs, the widow and children of the deceased. A demurrer was filed by the defendants and sustained by

State, use of Dodson *vs.* Balto. & Lehigh R. R. Co.

the Court; but the plaintiff obtained leave to amend its declaration, and afterwards filed two successive amended declarations; the second of them is involved in this appeal. The Court sustained a demurrer to this last mentioned declaration, and rendered judgment for the defendant.

It was averred in the declaration that Dodson was a conductor in the employment of the Maryland Central Railway Company; and that he was killed while in the discharge of his duty by the falling of a trestle, part of the track of said corporation, which, by its negligence, wrongful act, neglect, and default, was suffered to be and remain in a dangerous and unsafe condition, insufficient and improper for the purpose for which it was erected, namely, for the passage of a train of cars over it; whereby it broke and fell under a train of cars, and the said Dodson was killed. It was also averred, that shortly after the killing of Dodson, a consolidation was effected between the Maryland Central Railway Company and the York and Peach Bottom Railway Company, so that these two corporations became one, known as the Baltimore and Lehigh Railroad Company. And it was further averred, that by the consolidation, said last mentioned corporation acquired the rights and franchises of the said Maryland Central Railroad Company, and became subject to its obligations and liabilities then existing. The legal consequences of this consolidation must depend on the Act of Assembly by which it was authorized. The Act of 1890, chapter 553, contains very few details; it enables two railroad companies, whose tracks form a continuous line, to consolidate with each other. It must be the result of this proceeding that the two original corporations cease to exist, and a third one comes into being, which comprehends both of them. It is composed of both; it is in effect both united into one. Nothing is destroyed by the consolidation; whatever appertained to either of the constituent bodies,

now, in the same measure and under the same conditions, appertains to the composite body. It was the intention of the Legislature to enable the consolidating corporations to do more efficiently what they had the power to do before. It could not have been the purpose to deprive them of any rights, property or credits which they previously had; neither was it the purpose to relieve them from any responsibilities which they had incurred. The design was to gather into one all the concerns of each of them, and vest them in the corporation formed by their union.

The new corporation thus created was in reality the embodiment under another name of the two formerly existing. They had been joined together in every faculty and function, and moulded into an indivisible unity, with none of their rights impaired, and none of their responsibilities abated. If this were not the result of the consolidation, very great inconvenience and injustice would arise. The Act of Assembly enables two corporations to consolidate upon such terms as may be agreed upon. This agreement refers to the adjustment of the interest of the stockholders, and the settlement of the terms on which they shall hold the stock of the new company, and to matters belonging to the organization of the new corporation and such like things. Whatever else it may be competent to determine by agreement, the combining companies could not, by any contract between themselves, conclude the rights of persons who had been injured by their *torts*. Their agreement to consolidate brings the new corporation into existence, and then its liabilities are determined by the just construction of the statute, which authorizes the consolidation. The Act of 1892, chapter 666, was mentioned in the argument; that however does not embrace railroad companies.

It is not to be doubted that the Maryland Central Railroad Company, if it were in existence, would be

State, use of Dodson *vs.* Balto. & Lehigh R. R. Co.

responsible for the injuries alleged in the declaration, unless the evidence should show that it was exempted by some of the causes which excuse a master for injuries sustained by his servant; provided there was no contributory negligence on the part of the deceased.    This is an indispensable inquiry for the jury; and it is usual to aver in the declaration, that the person injured was using due care at the time the damage was inflicted.

The forms set forth in the Code seem to require this averment as necessary.    *Article* 75, *section* 23, *form* 36. It is not contained in the declaration we are considering; and as the question is presented by the demurrer, we must hold the pleading insufficient.    The averment is contained in the other declarations which were filed in the case; and the omission in the present one is evidently accidental.    We think it just, under the circumstances, to remand the case, in order that the declaration may be amended, and the case be brought to trial on its merits, although we shall affirm the judgment.    *Code, Article* 5, *section* 20; *Kennerly's Ex'x vs. Wilson,* 2 *Md.*, 245; *Earnshaw vs. Sun Mutual Aid Society,* 68 *Md.*, 477.

*Judgment affirmed, and*
*cause remanded for new trial.*

(Decided 20th June, 1893.)