LEON BIOGINI

*vs.*

WILLIAM A. STEYNEN.

*Automobiles : negligence; taking case from jury.*

Where there is evidence that while the plaintiff was walking so far to the extreme right of the traveled part of a macadam road, that he was partly on the sand road bordering it, and that the defendant, traveling in the same direction, drove his automobile so far to the right that it struck the plaintiff, who was ignorant of its approach, and greatly injured him, the case is one that should be submitted to the jury, and a prayer taking it from their consideration is properly refused. p. 374

Such an undue appropriation of a highway by the driver of an automobile to the injury of one who is ignorant of its approach is a case of actionable negligence. p. 375

In an action of damages for negligence, where there is any testimony as to primary negligence on the part of a defendant, it requires some undisputed as well as decisive act of contributory negligence on the part of the plaintiff to authorize the Court to declare as a matter of law that there can be no recovery. p. 374

*Decided December 4th, 1914.*

Appeal from the Baltimore City Court. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward M. Hammond* and *Charles C. Wallace* (with whom was *Arthur P. Gorman, Jr.,* on the brief), for the appellant.

*Charles H. Stanley, Jr.,* and *James U. Dennis,* for the appellee.

URNER, J., delivered the opinion of the Court.

The plaintiff, while walking on the State highway between Baltimore and Washington, was injured by collision with the side of the defendant's automobile as it passed him from the rear. In describing the accident, the plaintiff testified that he was on the right-hand side of the road, which is about thirty feet in width and macadamized in the middle portion, with borders of sand; that he was walking on the edge of the roadway with one foot on the sand and the other on the macadam; that he heard something or "felt the air," and turning his head to the left he saw the defendant's automobile about half a yard behind him; that instantaneously, and without moving from his position, he was struck by the car and thrown to the ground, his arm being broken at the shoulder by the fall. The only other testimony as to the occurrence offered by the plaintiff was that of Mr. George T. Bush, a telephone engineer, who stated that at the time of the accident he was walking with his brother on the left-hand side of the road beyond the point where the plaintiff was injured and in the same direction in which he had been moving; that his attention was first attracted to the automobile by the

sounding of its horn, which gave two signals almost simultaneously; that upon hearing the horn he looked back and the car was about fifty feet behind him and was about four feet from the right-hand side of the road and was just in the act of swerving towards the center; that the speed of the machine when he first saw it was not more than ten miles an hour, and it was about coming to a stop; that the highway was perfectly smooth, dry and level at the place of the accident and ran in a straight course, affording an unobstructed view in both directions for a long distance; that until the witness walked back to the automobile and behind it he did not see the plaintiff, who was lying in the grass at the edge of the macadam on the right-hand side of the road about twenty feet in the rear; that the car was then standing in the center of the road, and the mudguard over the right front wheel was bent; that the witness and the defendant assisted the plaintiff to his feet and asked him whether he was injured, but he appeared to be dazed and gave no coherent answer; that he did not see the plaintiff until after he had been struck; that when the witness saw the machine it was thoroughly under control and came to a stop "just a minute" afterwards; and that the plaintiff left the scene of the accident in the defendant's car.

As opposed to this evidence, there was testimony by the defendant to the effect that while he was driving with his wife and two other ladies in his automobile on the occasion mentioned he noticed a man about a block and a half ahead walking along the right-hand side of the road, and about thirty feet further on there were two other men on the left-hand side of the road, all moving in the same direction as the machine; that he gave a warning with his horn when he was about three hundred feet behind the plaintiff, and one of the men on the other side of the road further ahead looked back, though they kept on walking, but the plaintiff did not give any indication of having heard the signal; that the plaintiff was going along with his head down as though

he was walking in his sleep, and when the horn was sounded he kept right on and did not look around; that he was walking on the edge of the macadam and occupied two feet, more or less, while the two men on the left were using four or five feet of the traveled roadway; that his automobile was in the center of the road, and he did not change its course because it had to pass between the pedestrians on the two sides; that as he approached them he disengaged the clutch and let the machine drift, and it was then moving at the rate of eight or ten miles an hour; that when he noticed that the plaintiff did not hear the horn, he kept on sounding it continually; that he probably blew it half a dozen times, and as the car got abreast of the plaintiff he turned, apparently hearing and being startled by the horn, and jumped from the position he was in, a distance of two or three feet, against the mudguard; that the front of the machine did not strike him, but the mudguard simply reeled him around and he fell to the ground on his arm, which was thus broken; that the car was stopped five or six feet beyond the place where the plaintiff fell, and the defendant and one of the ladies got out and went back to the plaintiff, who was standing up brushing off his coat and looking for his hat, which they finally found on the running board; that none of the party saw the plaintiff lying down; and that he got in the automobile, with the defendant's help, a few minutes after it had been stopped.

The testimony of the defendant is supported by that of the other occupants of the car. All of these witnesses stated that the plaintiff said he became bewildered when he heard the horn, and got in the way of the automobile, and the accident was due to his own fault. There were depositions to the same general effect from two physicians who attended the plaintiff at the defendant's instance. Upon this subject the plaintiff testified that he did not describe to the physicians how the accident happened, and that he said to the occupants of the automobile, after he was injured, that he was sorry

his arm was broken, but he was not in a condition to say much and he could not remember whether or not he made any further statement.

The appeal in the case has been taken from a judgment for the plaintiff entered on the verdict of a jury. There are several exceptions in the record, but the only one pressed by the appellant refers to the refusal of the Court below to instruct the jury, first, that under the pleadings and evidence no negligence on the part of the defendant had been shown, and the verdict should, therefore, be in his favor; and, secondly, that by the uncontradicted evidence the plaintiff was guilty of negligence directly contributing to the injury for which he sues and that he is consequently not entitled to recover.

In order to accept the theory of the instructions thus proposed we should have to eliminate from the record the evidence offered by the plaintiff as to the circumstances of the accident. The testimony of the defendant and his witnesses presents a case in which he appears to have exercised due care to avoid a collision with the plaintiff, and the injury to the latter is shown to have resulted from a movement by him which could not reasonably have been anticipated. If the defendant's version of the accident is correct, he was operating his automobile, at a moderate speed and with due warnings, along the center of the road, and the car was passing the plaintiff safely at a distance of three feet to his left when, in a state of bewilderment, he jumped sidewise against the mudguard across the intervening space. Upon such facts it would be quite difficult to impute to the defendant any actionable negligence. But the testimony of the plaintiff and of his witness, Mr. Bush, tends to prove that the accident occurred under materially different conditions. According to the plaintiff's narrative, he was struck by the machine while he was walking on the extreme edge of the traveled way, from which course he had not deviated, and he had no notice of the approach of the car until the instant of

the collision. This is in harmony with Mr. Bush's deposition, that when he first heard the horn sounded he looked back, and the automobile was swerving towards the center of the road from the right and the plaintiff was then out of sight in the rear where he was found lying in the grass at the edge of the macadam. The plaintiff's evidence is thus clearly in conflict with that adduced by the defendant, upon the vital issue in the case, and has a direct tendency to support the theory set forth in the declaration that the defendant negligently drove his automobile on the highway in such a manner as to strike and injure the plaintiff in passing him from the rear, without having given him due warning of its approach, although he was on the margin of the road and its width was sufficient to allow of the movement of the car without risk of injury to his person.

In this state of the proof the case could not properly have been withdrawn from the jury. It was their province to weigh the conflicting evidence and ascertain the facts. There was certainly no such failure of testimony as to primary negligence on the part of the defendant, and no such undisputed, as well as decisive, act of contributory negligence on the part of the plaintiff, as would authorize the Court to declare as a matter of law that there could be no recovery.

If the admissions of fault attributed to the plaintiff were to be treated as not denied in his testimony they could nevertheless not be held to be conclusive upon the question as to the submission of his case to the jury in view of his sworn and positive statement as to the facts in issue. *Thompson on Negligence,* sec. 7738; *Camden & A. R. R. Co.* v. *Williams,* 61 N. J. L. 646.

The appellant has cited the case of *Seaman* v. *Mott,* 110 N. Y. Supp. 1040, as holding that evidence which is said to be closely analogous to that contained in this record was not legally sufficient to entitle the plaintiff to a verdict. From our reading of the opinion in that case, we are unable to agree with the view that it bears a marked resemblance

to the one now being decided. The pedestrian who was injured in that instance had left the curb and was crossing the roadway on the north side of Columbus Circle near 59th street, in the City of New York, and after proceeding about ten feet he was struck by an automobile. The case was held to be legally incomplete because the testimony did not tend to prove that the chauffeur was inattentive or that he drove improperly, or that he had reason to believe that if he proceeded, the plaintiff would continue on his way so as to come in contact with the car. Such considerations do not apply to the case now before us in so far as it is presented on the plaintiff's proof. The injury here, as thus shown, was not suffered by a pedestrian who was crossing a public thoroughfare, but by one who was on the edge of the road where it was not likely that he would be in the way of those using other means of travel. The negligence charged here consisted in driving an automobile so close to a person thus situated, while passing him from the rear, as to bring the side of the car in collision with him as he was pursuing his course in obvious ignorance of its approach. There can be no doubt that such an undue appropriation of a highway to the injury of one who, like the plaintiff, was lawfully entitled to, and was merely availing himself of, its reasonable use, would amount to actionable negligence. This is the theory of the declaration filed in the case, and as there was some testimony in its support, we must hold that the trial Court ruled correctly in refusing to direct a verdict for the defendant.

The other exceptions, while not argued by the appellant, have been given due consideration, but we find no reversible error in any of the rulings.

*Judgment affirmed, with costs.*