PAUL BILLOTTI *v.* HARRY SAVAL.

[No. 28, October Term, 1933.]

564

*Decided November 14th, 1933.*

The cause was argued before Bond, C. J., Urner, Adkins, Digges, Parke, and Sloan, JJ.

*J. F. H. Gorsuch,* for the appellant.

Parke, J., delivered the opinion of the Court.

At the conclusion of the testimony offered by the plaintiff, the court granted a prayer directing a verdict for the defendant, in whose favor a judgment was entered. The propriety of this action on the prayer is the single question on this appeal.

The automobile of the plaintiff collided with the truck of the defendant on the clear morning of December 23rd, 1931, at the intersection of Eutaw Place and Mosher Street in Baltimore City. Eutaw Place runs north and south, and Mosher Street extends east and west. Between the intersections of the streets, the central portion of Eutaw Place is parked, to a width of thirty-five feet, and is thus separated into two highways or lanes of travel of about fifteen feet in width. The north-bound traffic on Eutaw Place is on the eastern lane of travel, and the south-bound traffic is on the western lane. At the intersection mentioned, Mosher Street is about twenty feet wide with eight feet of sidewalk on

either side. The sidewalk on either side of Eutaw Place is from nine to ten feet wide. On both streets the buildings in the neighborhood of the accident extend to the inner line of the sidewalks in an unbroken front. The plaintiff, with his wife, was driving west on Mosher Street, and the defendant was driving north on Eutaw Place. The plaintiff offered evidence tending to prove that he was proceeding slowly and carefully to his right on Mosher Street, and that, when he arrived at the building line on Eutaw Place, he looked to his left a distance of about forty-five or fifty feet, although he could have had an unobstructed view of two blocks, and, seeing no one approaching, he drove in a slow and careful manner as far as the middle of the eastern lane of travel on Eutaw Place, when he first observed the defendant's truck approaching at great speed; and that he attempted to speed up to get out of the way, but that, when his automobile had advanced to a point in the intersection where the rear of the automobile was in line with the eastern border of the parking on Eutaw Place, the truck of the defendant, although he had suddenly applied his brakes, skidded about twenty feet diagonally across Eutaw Place and struck the rear left wheel of the plaintiff's automobile, and caused substantial injury to the automobile. After the collision, the defendant offered to pay the damages to the plaintiff's automobile, but refused to do so when he was informed at what shop the repairs were to be made.

There is no testimony that at the time and the place of the accident traffic was either controlled by traffic officers or signal devices or that either public highway had been designated as a main-traveled or through highway, so the general rule is here applicable, that under ordinary circumstances, all vehicles shall have the right of way over other vehicles approaching at intersecting public roads from the left, and shall give right of way to those approaching from the right. Code (Supp. 1929), art. 56, sec. 209. The plaintiff was approaching the intersection from the right, and so had the right of way over the defendant approaching the intersection from the left.

There was no travel approaching the plaintiff on Eutaw Place from his right, as all travel on the east side of Eutaw Place was to the north. The testimony of the plaintiff is that he looked to the left as soon as he could see, and the truck of the defendant was not in sight, although he had a clear and unobstructed view of Eutaw Place two blocks to the south of its intersection with Mosher Street. The plaintiff had no inflexible and absolute privilege to proceed, since, under the rule, due regard must be had to the distance of plaintiff's automobile from the intersection as compared with the distance of the truck coming from the left, when seen, and the respective rates of speed at which the two vehicles approach the intersection. There was no testimony, however, that the defendant's truck had entered Eutaw Place more than one block away, and this, with the great speed at which the defendant was traveling, the force of the impact, and the defendant's implied admission of fault by his offer to pay for the damages done to the plaintiff's automobile, do not present such clear and decisive evidence of contributory negligence on the part of the plaintiff as justified the withdrawal of the case from the consideration of the jury at the close of the plaintiff's case.

*Judgment reversed, with costs, and cause remanded.*