## WILLIAM C. BODE *v.* CARROLL - INDEPENDENT COAL COMPANY

### [No. 12, April Term, 1937.]

*Decided April 22nd, 1937.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John E. Magers,* with whom were *Magers, Herzfeld & Magers* on the brief, for the appellant.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was *Clater W. Smith* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

On the afternoon of January 10th, 1936, the automobile of Doctor William C. Bode, while being driven by him in an easterly direction on Preston Street in Baltimore City, was in collision at the intersection of Preston and Wolfe streets with a truck which was proceeding in a southerly direction upon Wolfe Street. The truck was owned by the Carroll-Independent Coal Company, and its weight loaded with coal was five tons. Preston Street runs east and west and intersects Wolfe Street at approximately right angles. Each of these streets is about forty feet wide, and, as nearly as can be ascertained from the record, the vehicles came together at about the center of the intersection, above which there is an overhead railroad bridge supported by heavy pillars at each of the four corners formed by the intersection. By reason of the impact Dr. Bode's automobile was damaged and he himself sustained personal injuries, to recover for both of which he instituted suit in the Baltimore City Court. The case was tried before a jury, whose verdict was in favor of the defendant, and from the judgment entered thereon this appeal is taken.

The principal contention between the parties hereto relates to the rulings upon the prayers, and is embraced in the third exception. The plaintiff offered six prayers, all of which, except the second, were granted, while the

defendant offered five. Its A and B prayers, which were refused, sought a directed verdict, the A prayer being based upon the theory that the plaintiff was, as a matter of law, guilty of negligence which directly contributed to the happening of the accident, while its B prayer was a general demurrer to the evidence.

In considering these instructions it becomes necessary to refer briefly to the evidence, much of which produced on behalf of each party is of little aid to us, since the testimony of many of the witnesses was given with reference to locations and designations not contained in the record. However, apart from these, the testimony of the plaintiff, together with that of certain of his witnesses, was, if believed by the jury, sufficient to enable them to find that, on the date of the accident, plaintiff was proceeding in his automobile easterly on Preston Street at a speed of eight or ten miles an hour at the time he arrived at the Wolfe Street intersection. He continued easterly, and, after passing the building line, looked south on Wolfe Street, which was to his right, for on-coming traffic, and after seeing the way was clear he next looked to his left, which was north, upon Wolfe Street. He then observed the coal truck coming south on Wolfe Street at a fast rate of speed and immediately applied his brakes, stopping his car. When he first observed the coal truck, it was from three to four lengths from him, yet its driver made no effort to stop it, but it continued southerly at the same rate of speed and struck the left front hub cap of his automobile, which at that time was not "quite in the middle" of Wolfe Street. The impact was of such force as to crush his left front fender and headlight and practically demolish the entire front of his automobile. However, photographs which he exhibited tended to show that his car was in practically a head-on collision, with perhaps slightly more force applied to its left front than to the right. It was also testified that the driver of the truck could, by veering two feet further to the left, have entirely avoided striking the automobile. On cross-examination appellant stated he was driving about twenty

miles per hour when he crossed Gay Street going toward Wolfe, those streets being only a block apart. Upon being asked how near he was to the center of Wolfe Street when he first looked to his right, he answered, "I could not say that. I told you as soon as I passed the corner there, I could see down Wolfe Street. I looked down and it was all right, and I looked back, and it was all wrong." Appellee relies upon his failure to look to his left before arriving approximately at the center of Wolfe Street to support its demurrer prayers, and insists that according to his own statements he is, as a matter of law, guilty of negligence directly contributing to the accident, but the court concludes that these prayers were properly refused, and the evidence was sufficient to require its submission to the jury. *Gavin v. Tinkler*, 170 Md. 461, 184 A. 903, and authorities there cited.

The testimony on behalf of the defendant is in sharp conflict with the story detailed by appellant and his witnesses as to how the accident happened, and if believed by the jury would have justified a finding that, when appellant crossed Gay Street, which is one block west of Wolfe Street, he was driving his car at an excessive rate of speed; that at the Gay Street intersection he came dangerously near striking another automobile entering the intersection from his right, and avoided it only because its driver had the presence of mind to swing around and prevent being struck; that he kept on going east on Preston Street at the same rate of speed, and when he arrived at Wolfe Street the coal truck was already occupying the intersection, but appellant drove his car headlong into it, striking its right side with such force as to knock it eight feet to the east, locking its brakes; that when the driver of the coal truck arrived at Preston Street he looked to his right and observed Dr. Bode's car at the Rutland Avenue and Gay Street intersection, which was a block away. The driver then put the truck in low gear and continued across Preston Street, and was just changing into high gear when struck by the Bode car. There was also testimony to the effect that the truck was half-

way across Preston Street when struck, and the automobile hit its right side and damaged its running board and hoist, but there was no damage whatsoever to the front part of the truck. Appellee also exhibited photographs of the truck, which, according to the testimony, was involved in the accident, and these showed it was not damaged in front, but its right side had been hit opposite the rear of the cab, from which point the damage extended toward its rear wheel.

Appellant's second prayer, which was refused, reads as follows: "The jury are instructed that under the law all vehicles shall have the right of way over other vehicles approaching at intersecting roads from the left, and shall give the right of way to those approaching from the right, and if the jury believe from the evidence that the defendant, its agent or servant, on the 10th day of January, 1936, was driving an automobile truck southerly on Wolfe Street, in Baltimore City, approaching from the left, at intersecting streets, and that the automobile which the plaintiff was driving was being driven easterly on Preston Street, at said Wolfe Street, approaching from the right, both streets being public highways of Baltimore City, and if they shall further find that the said defendant, its agent or servant, on the occasion aforesaid, did not give the right of way to the automobile which the plaintiff was driving which was approaching from the right, if they so find, and that the plaintiff while driving said automobile acted with due care and caution immediately preceding the accident, if they shall so find, and that the failure of the said defendant, its agent or servant, to give the right of way caused the collision in this case, then their verdict must be for the plaintiff."

Obviously, this instruction is predicated upon section 209 of article 56 of the Code (Supp. 1935), which among other things provides that "all vehicles shall have the right of way over other vehicles approaching at intersecting public roads from the left, and shall give right of way to those approaching from the right." This statute has many times recently been before this court, and the

latest expression concerning it is found in *Warner v. Markoe*, 171 Md. 351, 189 A. 260, 262. Here, as in that case, there is an absence of testimony to show that, at the time and place of the accident, traffic was controlled by officers or signal devices. Hence this general rule expressed in the statute would, under ordinary circumstances, be applicable, but in that opinion Chief Judge Bond, after citing *Billotti v. Saval*, 165 Md. 563, 168 A. 890, stated: "It is a rule that applies only in appropriate circumstances, that is when the two drivers come to the crossing in such proximity in point of time as to require accommodation of one to the other. *Jersey Ice Cream Co. v. Bach*, 161 Md. 285, 292, 157 A. 277; *Minch v. Hilkowitz*, 162 Md. 649, 656, 161 A. 164; *Paolini v. Western Mill & Lumber Corp.*, 165 Md. 45, 52, 166 A. 609. Determination of the right of way, thus left to the drivers, in each instance, commonly involves the exercise of some judgment, the driver from the left being required to yield to avoid apparent chances of collision; and the fact should to some extent influence the driving of the car from the right. For one coming from the left may expect to have cars from the right approach under control, in compliance with section 209 of article 56 of the Code, as amended, and taking care to avoid traffic from its own right as well as traffic from the left which might be ahead of it at the crossing; and the driving from the left is likely to be governed accordingly."

In *Taxicab Co. v. Ottenritter*, 151 Md. 525, 530, 531, 135 A. 587, 589, this court was considering an action brought by a truck driver for injuries sustained by him when his truck collided with a taxicab at a street intersection. In that case the cab entered the intersection from the right, but, in the course of that opinion, Judge Urner, speaking for this court, said:

"According to the testimony of one of his witnesses, the taxicab was still fifty feet or more from the crossing when the plaintiff had proceeded about as far as the middle of the intersection area. The truck was then only about fifteen or twenty feet from the point where it and

the cab collided.  Even if the plaintiff, when at the middle of the crossing, had seen the cab approaching from his right at the distance just mentioned, he was not obliged to anticipate that it would approach and enter the intersection at an unlawful rate of speed. * * *

"While it was incumbent upon the plaintiff to respect the rule giving the right of way, at street intersections, to vehicles approaching from the right (Code, art. 56, sec. 209), yet if the way for a safe distance was clear of traffic coming from that direction, he should not judicially be declared negligent in not providing against the possibility of collision with a car which could not come into dangerous proximity to his own, unless it were unlawfully operated."

In the later case of *Friedman v. Hendler Creamery Co.*, 158 Md. 131, 141, 148 A. 426, 430, a prayer similar to appellant's second prayer, except that it embodied the doctrine of last clear chance, was offered by the defendant, and in the course of that opinion Judge Offutt said: "In effect the prayer declares that, if two motor vehicles are approaching over public highways the same intersection, without any reference to the speed or relative position of either, the vehicle approaching from the right is entitled to the right of way, and if the vehicle approaching from the left fails to give that right, the person operating it is responsible for any ensuing collision between the two vehicles, even though the direct and proximate cause of the collision was the negligent operation of the vehicle approaching from the right.  That proposition finds no support either in law or reason.  It is certainly not supported by anything contained in the Motor Vehicle Law of this State, or the ordinances of the Mayor and City Council of Baltimore, and it is in conflict with the decisions of this court."

See, also, *Blashfield Cyclopedia of Automobile Law and Practice* (Permanent Ed.), vol. 2, p. 143, sec. 993, from which we quote:

"The occasion for applying the rule concerning the right of way of vehicles approaching from the right

arises only where the two vehicles approach the intersection so nearly at the same time, and at such distances and speeds, that a collision is probable unless one of them slows up.

"In that situation, the regulations, properly construed, require that the vehicle on the left must give way to the one on the right. The test of whether a collision would be likely to occur is the judgment of a man of ordinary prudence in the same situation, exercising due care, and the rule does not warrant drivers of vehicles in taking close chances.

"If both cars reach the crossing at the same time, the one approaching from the right is entitled to the right of way, and the other must, if necessary, stop and permit it to pass in safety, and, if the driver approaching an intersection from the left sees a vehicle coming from the right, at such a rate of speed, and at such a point on the intersecting street, as will bring the car approaching from the right into collision with his own, if he proceeds along his respective line of approach at his respective rate of speed, the two vehicles must be deemed to be approaching such intersection simultaneously."

Tested by these authorities, we are of the opinion that the prayer was properly rejected, since it entirely ignored evidence adduced on the part of the defendant, which, if found by the jury to be true, would have enabled them to conclude that defendant's truck reached Preston Street and entered it at a time when plaintiff's automobile was a block distant from the intersection, and since the truck had to travel only forty feet in order to cross Preston Street entirely, the jury could also have found from evidence before it that its driver, in proceeding to cross the street, exercised the judgment of a man of ordinary prudence similarly situated, in concluding he had ample time to negotiate the crossing far in advance of the arrival of appellant's automobile, and, finding the existence of such facts, the statutory rule previously announced (section 209, article 56) did not apply.

Since the jury's verdict was in favor of appellee,

defendant below, it becomes unnecessary to discuss the remaining prayers offered by appellant, all of which were granted, but we may add that we have found no error in them.

Appellee's first instruction is the usual burden of proof prayer and was properly granted. *Zulver v. Roberts*, 162 Md. 636, 161 A. 9; *Schapiro v. Meyers*, 160 Md. 208, 153 A. 27; *Beall v. Ward*, 158 Md. 646, 648, 149 A. 543; *Zipus v. United Rys. & Electric Co.*, 135 Md. 297, 108 A. 884.

Appellee's second prayer instructed the jury, "if they shall find from the evidence in this case that the defendant's truck was proceeding south on Wolfe Street at its intersection with Preston Street, two of the public highways of Baltimore City, and shall further find that defendant's truck was actually crossing the street intersection at a time when the plaintiff's automobile, approaching from the right, was at such a distance from the intersection that its movement could not reasonably be supposed to create any danger that the defendant's truck and the plaintiff's automobile would collide, then the defendant's truck was not required to wait until the plaintiff's automobile had passed; and if the jury further find that the plaintiff operated his automobile at an unlawfully high and unexpected rate of speed over such intervening distance and against defendant's truck, thereby causing or contributing to the accident complained of, then the verdict of the jury shall be for the defendant."

From what we have said in regard to appellant's second prayer it must be held, under the authorities cited, that appellee's second prayer was properly granted.

By appellee's third prayer, the jury was instructed, "if they shall find from the evidence in this case that the plaintiff drove out into the intersection of Wolfe and Preston Streets without looking to his left for approaching vehicles until it was too late for him to stop so as to avoid the defendant's truck then he contributed to his own injury, and their verdict shall be for the defendant." In our judgment this prayer was inappropriate. Appellee

insists it is supported by certain language contained in *Colgate & Co. v. United Rys. & Electric Co.*, 156 Md. 472, 475, 144 A. 519, but the facts which the court was there considering differed materially from those in the present case. That was a suit by the owner of a motor truck for damages caused as a result of its being struck by an electric railway car at the intersection of Gough and Bond streets in Baltimore City. The view of the truck driver was obscured, but in spite of this he attempted to cross the railway track and observed the car coming from his right after it was too late to avoid a collision. There was no evidence which permitted application of the doctrine of last clear chance, and this court held the driver guilty of contributory negligence as a matter of law.

If the jury believed appellant's testimony, he undoubtedly had a right, by virtue of section 209 of article 56, to proceed across Wolfe Street, but by this prayer they were instructed, without any qualification whatsoever, that his driving into the intersection without looking to his left for approaching vehicles, until too late to stop and avoid appellee's truck, constituted contributory negligence on his part which precluded recovering. The hypothesis of the prayer is such that appellant could have lawfully entered the intersection and been injured by a vehicle approaching from his left at an unlawful rate of speed, which he had no right to anticipate, but simply because he failed to look to his left in time to stop and permit the truck to take from him the right of way which the law gave him, he could not recover. Its practical effect was to nullify the statutory provision above cited. Moreover, it will be observed that the prayer offered a complete guide to a verdict on a segregated fact whose isolation by the prayer excluded other countervailing facts which the jury could have found from the evidence and which, if so found, would have prevented the fact thus segregated from being sufficient to bar a recovery by the plaintiff, as the third prayer, under the circumstances, erroneously declares that if the plaintiff "drove out into the intersection of Wolfe and Preston Streets

without looking to his left until too late to avoid defendant's truck then he contributed to his own injury. * * *" Under such circumstances, unless it states a correct proposition of law, it must be held erroneous and injurious, since there was no express requirement by the court that it be read in connection with or serve as a qualification of correct instructions granted on behalf of appellant. *Balto. & O. R. Co. v. Blocher*, 27 Md. 277; *Wash., B. & A. R. Co. v. State*, 136 Md. 103, 111 A. 164; *Warner v. Neubert*, 171 Md., 187 A. 829. In view of these authorities, appellee's further contention that any defect in the instruction was rendered harmless by the granting of correct instructions on behalf of appellant cannot be accepted. Appellant's testimony was that, when he reached Wolfe Street, the intersection was unoccupied. He proceeded easterly, looking to his right as soon as he could see to the right, and, observing his way was clear from that direction, he immediately thereafter looked to his left, when he first saw the oncoming truck traveling at a "terrific" rate of speed, whereupon he immediately applied his brakes, bringing his car to a complete stop. In view of this, even if the prayer stated a correct proposition of law, it would seem that the court should have sustained a special exception filed thereto by appellant upon the ground that the evidence in the case was legally insufficient to show that he drove into the intersection without looking to his left for approaching vehicles until it was too late for him to stop and avoid defendant's truck or that because of this he contributed to his own injury. However, since we decide the prayer stated an incorrect proposition of law, it becomes unnecessary to consider the special exception filed thereto.

Since the case must be tried again, we deem it proper to express an opinion upon the two exceptions to rulings upon the testimony. Appellant's witness Carmichael, shop foreman of the garage where the damages to the automobile were estimated, after first testifying that he had seen the automobile when it was brought there, was shown photographs of it. After stating that the damage

to it was on both sides, meaning both sides of its front, he was asked where most of the damage was, and replied "the left front, and the exact front was the most—the car was all pushed to the right." "Q. Could you tell from an inspection of that car where it had been hit by another object?" The court sustained appellee's objection to the last question, and this raises the first exception. There was no error in the ruling. The witness did not see the accident, and so far as appears from the record he possessed no qualifications above that of a layman to express an opinion upon the subject. The jurors had the photographs of the automobile before them and had heard all the testimony of the parties as to how the collision occurred. It was their province to resolve its conflict and determine whether the automobile had struck the side of the truck, as claimed by appellee, or if the truck had, as testified by appellant, run into the intersection occupied by the car and struck it.

The second exception was taken to the court's action in sustaining an objection to this question asked defendant's witness Schmidt, "If you had been driving a car, Mr. Schmidt, this Model T, and were coming up at the speed it was coming, would you not have turned and gone in front of it?" The witness had previously testified that when Doctor Bode's automobile crossed Gay Street, a block from Preston, it was being driven very fast and barely avoided striking a truck coming from the right, and thereafter continued at the same rate of speed until it ran head-on into the coal truck, while it was being driven across Preston Street. However, it was not a question as to what witness, had he been driving the automobile, would have done at Gay Street, but what the conduct of a reasonably prudent man would have been under similar circumstances. We find no error in the ruling.

*Judgment reversed, with costs, and case remanded for a new trial.*