983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen Ann STINCHCOMB, Plaintiff-Appellant,
v.
Thomas Lee SCHOENER, Defendant-Appellee,
and
Gail A. SCHOENER, Defendant.
 No. 92-1513.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: January 4, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-91-2803-S)
 Argued: Thomas Edwin Walker, Grenan, Walker, Steuart, Trainor & Billman, Landover, Maryland, for Appellant, M. King Hill, III, Venable, Baetjer & Howard, Towson, Maryland, for Appellee.
 On Brief: Cathy A. Chester, Venable, Baetjer & Howard, Towson, Maryland, for Appellee.
 D.Md.
 REVERSED AND REMANDED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Karen A. Stinchcomb appeals the order of the district court granting summary judgment in favor of Thomas L. Schoener.[1] Stinchcomb was walking on a public road when she was struck by a vehicle driven by Schoener. The district court granted summary judgment based on the conclusion that, as a matter of law, Stinchcomb assumed the risk of being struck by passing vehicles. The evidence, and inferences drawn therefrom, do not clearly indicate that a person of normal intelligence, in the position of Stinchcomb, must have understood the danger. Furthermore, Stinchcomb, even if she proceeded into a known danger, did not thereby relieve Schoener of all duty of care. We conclude, therefore, that the district court erred in finding Stinchcomb assumed the risk as a matter of law.
 
 
 2
 * The parties essentially agree on the factual circumstances out of which this litigation arose. On May 20, 1989, Stinchcomb attended the running of the Preakness at Pimlico Racetrack near Baltimore, Maryland with a group of her friends. Schoener had also been to the racetrack. Both parties consumed a significant amount of alcohol during the races. Stinchcomb left the racetrack after the last race at approximately 5:30 that afternoon and proceeded down Rogers Avenue toward the vehicle her group had parked earlier. The testimony varies as to her exact location when she was struck, however, it is clear that Stinchcomb and her friends were walking in the street, somewhere to the right of the center line. Stinchcomb was among "hundreds" of people proceeding down the street as the crowd spilled out from the racetrack onto Rogers Avenue. Stinchcomb admitted she had been drinking, but that she was not staggering or feeling impaired. Stinchcomb further admitted that she was aware that there was vehicular traffic on Rogers Avenue.
 
 
 3
 At the same time, Schoener was driving down Rogers Avenue. He testified that there were pedestrians walking close alongside his vehicle on either side, he did not sound his horn, and he was aware that many of the pedestrians were drunk. The proximity of the pedestrians forced Schoener to drive in the middle of the road, straddling the center line. Schoener estimated that he was traveling about twenty miles an hour when an unknown pedestrian struck the right-side mirror of his pickup truck. Schoener looked to the rear of the vehicle to see whom he had struck. His passenger then yelled "Look out!" and Schoener returned his attention forward, whereupon he struck two pedestrians, one of whom was Stinchcomb. One witness testified that the vehicle was angled to the right, suggesting that when Schoener looked backwards to see whom he had hit, he veered into the pedestrians.
 
 
 4
 Based on Stinchcomb's acknowledgement that she knew of the traffic in the road, and concluding that a person of normal intelligence must have understood the danger of walking in the road, the district court found that assumption of the risk was clear. The district court rejected Stinchcomb's argument that such a finding was not appropriate where there were hundreds of people in the road because:
 
 
 5
 [N]o matter how safe she may have felt within a large body of people walking down the roadway, Ms. Stinchcomb was also aware that traffic was also driving down the road. The fact that hundreds of other people also assumed the risk of being run over does not change the fact that Ms. Stinchcomb should have realized the danger she was in.
 
 
 6
 (Order, J.A. 28).
 
 II
 
 7
 In order for the defense of assumption of the risk to be shown, there must be: (1) an obvious danger, (2) knowledge of the danger by the plaintiff, (3) an appreciation of the danger, and (4) a voluntary encounter of the risk. Schroyer v. McNeal, 592 A.2d 1119, 1122 (Md. 1991). Whether or not a plaintiff knows of and appreciates the risk inherent in particular circumstances is usually a question which the jury should decide. Id. A court may only find that a person assumes the risk, as a matter of law, when "it is clear that a person of normal intelligence in the position of the plaintiff must have understood the danger ...," Id. (emphasis added). In other words, the evidence must be "conclusive" that the person fully understood and voluntarily encountered an obvious danger. See Kasten Constr. Co. v. Evans, 273 A.2d 90, 94 (Md. 1971); W. Page Keeton et al., Prosser and Keeton on Torts § 68, at 486 (5th ed. 1984) (noting that unless there is "conclusive evidence on these issues [it is] for the jury to decide").
 
 
 8
 Stinchcomb admitted she was walking in the roadway with her back to "heavy traffic" (Transcript, J.A. 43). We cannot agree, however, that a person who proceeds into the street along with the throng of spectators spilling out of a major sporting event"must have understood," i.e., knew and appreciated, that she could be struck by vehicles which were also traveling in the road. "The question of a party's assumption of risk should always be left to the trier of fact in all but the clearest of cases." Auto Village, Inc. v. Sipe, 492 A.2d 910, 919 (Md. App. 1987). Whether a risk is known and appreciated depends on the circumstances. What may be clearly an assumption of the risk in one circumstance, e.g., the risk of being hit by a ball while attending a baseball game, may not be if the circumstances are changed somewhat, e.g., if several balls are in the air when a spectator is struck. W. Page Keeton et al., supra § 68 at 489. Similarly, while a person of normal intelligence might know and appreciate the risk of being struck by a car driven non-negligently if she wandered into the street alone, such a person might not know and appreciate the risk of being struck when walking in the same street along with a crowd. Such a determination is properly made by a jury.
 
 
 9
 Furthermore, even one who knowingly proceeds into danger does not necessarily relieve another of all duty to act with reasonable care.
 
 
 10
 It is not every voluntary encountering of a known and understood danger which is reasonably to be interpreted even as evidence of actual consent. A plaintiff, for example, who dashes into the street in the middle of the block, in the path of a stream of cars driven in excess of the speed limit, certainly does not manifest consent that they shall be relieved of the obligation of care for his safety.
 
 
 11
 Restatement (Second) of Torts § 497C Comment h. See Bull S.S. Lines v. Fisher, 77 A.2d 142 (Md. 1951) (holding that one who works in dangerous place assumes only the risk of usual danger, not risk of unusual danger created by defendant); Peoples Drug Stores, Inc. v. Windham, 12 A.2d 532 (Md. 1940) (holding that a plaintiff is not required to anticipate a hazard "not naturally incident to his situation but arising from negligence which he had no reason to foresee"); Hilton Quarries, Inc. v. Hall, 158 A. 19 (Md. 1932) (holding that one who stood on top of a truck assumed the apparent danger of loading with a derrick, but did not assume the "casual" negligence of the operator).
 
 
 12
 The example given in the Restatement is particularly appropriate to this case. In W. Page Keeton et al., § 68, at 485 (5th ed. 1984), the same point is made. "[Although] the plaintiff has exposed himself to the risk of future harm ... he has not consented to relieve the defendant of any future duty to act with reasonable care." Stinchcomb did not relieve Schoener of the duty to exercise care in what was plainly a hazardous situation.[2] See, e.g., Lutzer v. Washington Suburban Sanitary Comm'n, 28 A.2d 839 (Md. 1942) (where circumstances indicate danger, a driver must proceed with caution); Longenecker v. Zanghi, 2 A.2d 20 (Md. 1938) (same). We cannot agree that Maryland law absolves a driver of the duty to exercise due care in the factual circumstances presented in this case. Another finding would permit a driver, without due care and regard, to run over pedestrians in the street with impunity.
 
 III
 
 13
 It was error for the district court to rule as a matter of law that a person of normal intelligence clearly would have known and appreciated the danger of being struck in these circumstances. This question was for the jury. Furthermore, Stinchcomb, by proceeding into the street did not thereby relieve Schoener of all duty of due care. Accordingly, the district court's decision is hereby reversed and the case remanded for further proceedings consistent with this opinion.[3]
 
 REVERSED AND REMANDED
 
 
 [1]
 The other defendant named in the complaint, Gail Schoener, the vehicle owner, was voluntarily dismissed from the action and is not involved in this appeal
 
 
 [2]
 We do not imply, however, that Schoener was negligent in his actions, such a determination, like that of Stinchcomb's assumption of the risk, is a matter to be decided by the jury
 
 
 [3]
 Pending before the court is Schoener's motion for transmittal of the record. This motion is denied